752 So.2d 112 (2000)
Roger K. BERRY and Charlene Berry, Appellants,
v.
Robert E. TEVES and Leah R. Teves, Husband and Wife, Appellees.
No. 2D99-370.
District Court of Appeal of Florida, Second District.
March 3, 2000.
Todd M. Hoepker of Todd M. Hoepker, P.A., Orlando, for Appellants.
*113 Neal McCulloh and James E. Olson of Clayton & McCulloh, Orlando, for Appellees.
Robert W. Thielhelm, Jr., Andrew T. Marcus, and Christine A. Wasula of Baker & Hostetler, LLP, Orlando, for the Florida Vacation Rental Managers Association, Inc., Amicus Curiae.
THREADGILL, Acting Chief Judge.
Roger K. and Charlene Berry, defendants below, appeal a final summary judgment entered in favor of Robert E. and Leah R. Teves, the plaintiffs below, in this action for declaratory and injunctive relief. We reverse.
The Berrys and the Teves each own a house in the same subdivision. The Berrys entered into a lease agreement with Florida Choice Vacation Home Rentals, Inc., to manage their property and to lease it to families for short periods of time usually an average of seven to ten days. The Teves, in their complaint, claim that these short-term rentals violate the subdivision's restrictive covenants. The complaint sought declaratory and injunctive relief, but did not make an allegation concerning nuisance.
The pertinent provisions of the restrictive covenants are as follows:
a. Article VI, Section 2, of the Declaration:
No Lot shall be used in whole or in part for anything other than residential purposes.... No trade, traffic or business of any kind, whether professional, commercial... or other non-residential use shall be engaged in or carried on upon the Properties or any part thereof; nor shall anything be done thereon which may be or which may become an annoyance or a nuisance to the Properties or adjacent properties.
b. Article VII, Section 8, of the Declaration:
The voting rights of any Owner may be assigned (for the lease term only) by an Owner to its tenant, if the tenant has entered into a lease with a term of two
(2) years or more; provided however that the Owner may not assign to such tenant any vote or votes not attributed to the lots actually leased by such tenant. No such assignment shall be effective until written notice thereof has been received by the Village Association.
The Teves moved for summary judgment with supporting affidavits, asserting that the Berrys' rental activities were clearly prohibited by the restrictive covenants. In opposition, the Berrys filed fourteen affidavits in support of their defense that the restrictive covenants do not prohibit short-term rentals, but only the operation of a trade or business in the subdivision. They claim that short- and long-term rentals are permitted and are consistent with the restriction against commercial activity.
At the hearing on the motion for final summary judgment, the trial court found as a matter of law that the declaration of covenants was unambiguous and clearly prohibited the Berrys' short-term rentals. The trial court refused to consider any of the Berrys' affidavits, ruling that they were inadmissible parole evidence. Thereafter, the trial court entered its final summary judgment, enjoining the Berrys from renting their property on a short-term basis. The Berrys timely appealed.
We have considered the record, briefs, and arguments and find that the trial court erred in entering a final summary judgment. The declaration does not expressly authorize or prohibit the rental of residences. Although Article VII, Section 8, which deals with voting rights, recognizes or contemplates that residences will be rented, Article VI, Section 2, on the other hand, provides that residences may be used only for residential purposes and commercial activities shall not be engaged in or carried on upon the properties. Since the declaration fails to specifically prohibit short-term rentals, and because of the apparent inconsistency between Article *114 VII Section 8 and Article VI Section 2, we conclude that a latent ambiguity exists regarding short-term rentals.
When an instrument like the declaration in this appeal contains a latent ambiguity, parole evidence is admissible to determine the parties' intent. See Griffin v. Federal Deposit Ins. Corp., 532 So.2d 1358, 1360 (Fla. 2d DCA 1988); Crown Management Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984). "Under these circumstances the issue of the correct interpretation of the agreement is an issue of fact which precludes summary judgment." Griffin, 532 So.2d at 1360. Accordingly, the trial court erred in striking the Berrys' affidavits and ruling that the Berrys' use of their property was in violation of the covenants as a matter of law. The final summary judgment is therefore reversed and the cause remanded for further proceedings.
Reversed and remanded.
BLUE and GREEN, JJ., Concur.