786 So.2d 1204 (2001)
SM BRICKELL LIMITED PARTNERSHIP, Appellant,
v.
ST. PAUL Fire & MARINE INS. CO., Appellee.
No. 3D00-1465.
District Court of Appeal of Florida, Third District.
May 30, 2001.
*1205 de la O & Marko and Miguel M. de la O and Thomas J. Rebull, Miami, for appellant.
Sax, Sachs & Klein and James T. Ferrara, Boca Raton; Morse & Bolduc and Jeffrey A. Siderius, Chicago, IL, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Appellant, SM Brickell Limited Partnership ("SM Brickell"), appeals from a final summary judgment declaring that Appellee, St. Paul Fire & Marine Insurance Co. ("St. Paul"), had no duty to defend or indemnify SM Brickell in two defamation actions based upon a policy exclusion. We affirm in part and reverse in part.
SM Brickell, a real estate developer, purchased a commercial general liability policy from St. Paul entitling it to a defense and indemnity in actions for personal injury, including libel or slander. The policy contained the following exclusion:
False material. We won't cover personal injury or advertising injury that results from making known to any person or organization false written or spoken material that:
 was made known by or for the protected person; and
 the protected person knew was false when it was made known.
Susana Hansen and Dora Puig, real estate brokers hired to sell condominiums being developed by SM Brickell, filed lawsuits against SM Brickell and others. The amended complaint in the Hansen action sought recovery against SM Brickell for sales commissions due and owing and for defamation. The third amended complaint in the Puig action sought recovery against SM Brickell for breach of contract, defamation and intentional infliction of emotional distress. SM Brickell notified St. Paul when served with these claims. St. Paul denied coverage with respect to both lawsuits, relying in pertinent part upon the "false material" exclusion.
SM Brickell filed a declaratory judgment action, contending that St. Paul had a duty to defend and indemnify in both actions. St. Paul moved for summary judgment on the basis that both the Hansen and Puig complaints alleged that the defamatory statements were false and known to be false when made. The trial court granted final summary judgment, finding that St. Paul had no duty to defend SM Brickell against the amended Hansen complaint or the third amended Puig complaint. We find no error in the entry of summary judgment in favor of St. Paul as to these complaints and affirm the order under review with respect to the Hansen action.
However, shortly after the trial court entered its initial judgment, a fourth amended complaint was filed in the Puig lawsuit. This complaint alternatively alleged intentional wrongdoing or negligent defamation.[1] SM Brickell moved for rehearing *1206 on the basis of the amended complaint. The trial court granted rehearing but then entered another judgment in St. Paul's favor, finding that the changes in the fourth amended complaint were insufficient as a matter of law to create a duty to defend by St. Paul. We disagree.
A liability insurer's duty to defend is controlled by the allegations in the complaint against the insured, even if they may be factually incorrect or without merit. See State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1077 n. 3 (Fla.1998); Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co., 696 So.2d 907, 910 (Fla. 3d DCA 1997). When an amended complaint supersedes an earlier one, the allegations of the amended complaint control the duty to defend. State Farm Fire & Cas. Co. v. Higgins, 788 So.2d 992 (Fla. 4th DCA 2001)(en banc). If the complaint alleges facts that create potential coverage under the policy, an insurer must defend the lawsuit, Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 816 (Fla. 1st DCA 1985), even "where ... there has been a suggestion made that the purported negligent allegations are really allegations of intentional acts in disguise." Sunshine Birds, 696 So.2d at 910.
Puig's fourth amended complaint alternatively alleged a cause of action for negligent defamation. Looking only to the four corners of the pleading, the cause of action potentially falls within the coverage of the policy. Accordingly, we conclude that St. Paul does owe a duty to defend SM Brickell in the Puig action and reverse the summary judgment entered in St. Paul's favor in this regard.
Affirmed in part; reversed in part.
NOTES
[1] Specifically, the allegations in the fourth amended Puig complaint included:

86. SM Brickell Limited intentionally, recklessly and/or negligently disseminated false and defamatory communications about Puig to various third parties ....
92. The statements made by SM Brickell Limited's agents, servants and employees against Puig were false and they knew and/or should have known that they were false when made.
(Emphasis added).