856 So.2d 1090 (2003)
Robert BARNETT, and Diane Barnett, Robert Stover, and Pamela Stover, Joel Kurasch, and Virginia Kurasch, Jack and Diane Butz, Kumar Amaraneni, and Marcia Amaraneni, Appellants,
v.
DESTINY OWNERS ASSOCIATION, INC., Appellee.
No. 1D02-3179.
District Court of Appeal of Florida, First District.
October 17, 2003.
*1091 Amy A. Perry and David B. Pleat of Pleat & Perry, P.A., Destin, for Appellants.
Jean Frances Niven of Vernis & Bowling of Northwest Florida, P.A., Pensacola, for Appellee.
VAN NORTWICK, J.
Appellants, homeowners in a planned unit development located in Destin, Florida, appeal a final declaratory judgment rendered in favor of appellee, Destiny Owners Association, Inc. (Association) in their action seeking to invalidate an amendment to the Association's bylaws which prohibits Destiny homeowners from leasing their houses for a term less than six months. In upholding the amendment, the trial court determined that section 8.1(b) of the Association's Declaration of Easements, Covenants and Restrictions unambiguously permitted the Association to amend the bylaws to restrict appellants from engaging in short-term rentals of their property. Among other things, appellants argue that the provision in section 8.1(b) relating to leasing was ambiguous and the trial court erred in ruling that the provision was unambiguous and in excluding parol evidence as to its meaning. We agree and reverse.
Article 8 of the Declaration, governing "Use of Property," contains provisions both protecting and restricting the homeowner's use of their property, including section 8.1(b), which provides that:

Residential Use: Each Parcel shall be used, improved and devoted exclusively to single family residential use, and for no commercial purpose. No time-share ownership of Parcels is permitted without Declarant's approval. Nothing herein shall be deemed to prevent the Owner from leasing a House, subject to all of the provisions of the Declaration, Articles and Bylaws.
The Association argued below, and the trial court agreed, that the last clause in this provision "subject to all of the provisions of the Declaration, Articles and By-laws" allows the Association to amend the bylaws restricting lease terms to a six-month minimum. By a vote of five to two, the Board of Directors of the Association amended the bylaws to provide:
Leasing of Property. The lease or rental of any dwelling or structure within the Property for a period of less than six (6) consecutive months is prohibited. All leases of dwellings or structures within the Property shall be in writing and a copy of such lease shall be provided to the Secretary of the Association or the managing agent of the Association.
However, section 10.10 of the Declaration sets forth the procedure for amending the provisions of the Declaration. Specifically, it provides, in pertinent part:
Section 10.10 Amendment. This Declaration may be amended at any time by an instrument signed by the President or Vice President and Secretary or Assistant Secretary of the [Association] certifying that such an amendment has been adopted by Owners holding seventy-five percent (75%) of the total voting power in the [Association] with respect to the Property, either in person or by proxy at a duly called meeting, or by written consent without meeting in a manner permitted by law ...
*1092 In construing section 8.1(b) we are required to look at the Declaration as a whole, and not interpret covenants in isolation. Robins v. Walter, 670 So.2d 971, 974 (Fla. 1st DCA 1995). Reading the last sentence of section 8.1(b), we agree with appellants that it does not unambiguously create a second method to amend the Declaration. As they argue, the last sentence of section 8.1(b) has at least two meanings. The phrase in question could mean that leasing of a house subjects leasor and leasee to all the provisions in the Declaration, Articles and Bylaws as is appellants' contention, or it could mean that the right to lease a house is subject to restriction by the Declaration, Articles and Bylaws as is the Association's contention.
Language in a document is ambiguous when it is uncertain in meaning and may be fairly understood in more ways than one and is susceptible of interpretation in opposite ways. Friedman v. Virginia Metal Products Corp., 56 So.2d 515, 517 (Fla.1952). If the contract is ambiguous, the trial court should construe the contract and consider parol evidence to determine the parties' intent. Berry v. Teves, 752 So.2d 112 (Fla. 2d DCA 2000). As stated in Barrett v. Leiher, 355 So.2d 222, 225 (Fla. 2d DCA 1978):
Florida adheres to the general rule that a reasonable, unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms. If it is necessary to construe a somewhat ambiguous term, then intent of the parties as to the evil sought to be avoided expressed by the covenants as a whole will be determinative.
It is the intent of the original parties which is controlling. Moore v. Stevens, 90 Fla. 879, 106 So. 901, 903-04 (Fla.1925). Because section 8.1(b) is ambiguous, parol evidence was material and the trial court erred in prohibiting appellants from introducing the testimony of Jay Odom, the developer of Destiny.
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion. Because of our holding, we do not reach the other issues on appeal.
BARFIELD and BENTON, JJ., concur.