[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2005
THOMAS  K. KAHN
CLERK

No. 04-10975

D. C. Docket No. 03-22906-CV-UUB

VECTOR PRODUCTS, INC.,
d.b.a. Vector Manufacturing, Ltd.,

Plaintiff-Counter-Defendant-Appellant,

versus

HARTFORD FIRE INSURANCE COMPANY,

Defendant-Counter-Claimaint-Appellee,

SCHUMACHER ELECTRIC CORP.,

Defendant-Counter-Claimant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2005)**

Before BIRCH, KRAVITCH and GIBSON[*], Circuit Judges.

PER CURIAM:

This diversity action presents the question whether the Appellee, Hartford Fire Ins. Co. ("Hartford"), was required to defend its insured, Vector Products, Inc. ("Vector"), in an action brought against Vector for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and other similar laws. Hartford refused to undertake the defense and Vector brought the instant action. On cross-motions for summary judgment, the district court ruled in favor of Hartford.

We must determine whether insurance policy exclusions for knowledge of falsity or intent to injure apply to relieve Hartford of its duty to defend. The application vel non of these exclusions presents an issue of first impression in Florida law. Because many insurance policies contain similar coverages and exclusions, we certify the controlling question of Florida law to the Florida Supreme Court.

## I. FACTS

Vector is a relative newcomer to the business of manufacturing and selling

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

battery chargers. The industry leader, Schumacher Electric Corporation ("Schumacher"), brought an action against Vector in federal court in the Northern District of Illinois (the "Schumacher action"). The complaint alleged that Vector engaged in false advertising in violation of § 43(a) of the Lanham Act as well as state unfair competition and deceptive trade practices law. The complaint sought preliminary and permament injunctive relief, compensatory damages, and treble damages under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). An allegation incorporated into each count of the complaint alleged that Vector's false statements were "made . . . willfully and intentionally and with full knowledge of the falsity of such statements."

Vector asked Hartford to undertake the defense of the underlying action based on its two insurance policies with Hartford (the "Policies"). The Policies provided that Hartford would have a duty to defend Vector in lawsuits where the plaintiff sought to recover for "personal and advertising injury." The Policies set forth exclusions providing that Hartford would have no duty to defend, inter alia, suits where Vector knew that the advertising information was false and suits where Vector intended to cause the injury.

Hartford refused to undertake the defense. It claimed that the allegations of willfulness and knowledge of falsity incorporated into each count triggered the

3

relevant exclusions and relieved it of its duty to defend. In response, Vector brought the present action in Florida state court, which Hartford removed to federal court. Vector seeks damages for breach of contract for its expenses in defending the Schumacher action to date, as well as a declaratory judgment requiring Hartford to undertake the remaining defense of the Schumacher action.

The parties filed cross-motions for summary judgment. The district court denied Vector's motion and granted Hartford's, finding that for purposes of the duty to defend under Florida law, the Lanham Act claim requires willfulness and knowledge of falsity. Applying a Florida decision, SM Brickell Ltd. Partnership v. St. Paul Fire and Marine Ins. Co., 786 So. 2d 1204 (Fla. 3rd Dist. Ct. App. 2001), the district court dismissed the case. Vector filed a timely appeal to this Court.

## II. ANALYSIS

We review the district court's grant of summary judgment de novo. LaFarge Corp. v. Travelers Indem. Co., 188 F.3d 1511, 1515 (11th Cir. 1997). "The interpretation of an insurance contract is also a matter of law subject to de novo review." Id.

A. Coverage of Schumacher Complaint

As a preliminary matter, we note that the parties dispute whether the facts

and causes of action pleaded in the Schumacher complaint fall within the coverage provided by the Policies, leaving aside the application of the exclusions. The district court did not reach this issue, but rather found that the knowledge of falsity exclusion applied.

Vector argues that Schumacher's claim under the Lanham Act falls under the Policies' definition of "personal and advertising injury," which includes damages "arising out of . . [the] publication of material that . . . disparages a person's or organization's goods, products or services." The underlying complaint alleges "material false representations of fact in a commercial advertisement which have deceived or are likely to deceive a substantial segment of the . . . purchasers of the Accused Product." The underlying complaint also alleges specific examples of comparisons which suggest that Vector's product is superior to the "leading brand." Vector thus argues that the Policies cover Lanham Act disparagement claims in general. In response, Hartford asserts that the Policies do not give rise to any duty to defend because none of Vector's advertising materials mention Schumacher by name.

We find Hartford's argument on this issue unconvincing. The cases on which Hartford relies either pertain to situations where the insured made no comparison to any other product, but merely touted its own product, <u>Frog, Switch</u>

5

& Mfg. Co. v. Travelers Indem. Co., 193 F.3d 742, 748 (3rd Cir. 1999); Zurich

Ins. Co. v. Sunclipse, 85 F. Supp. 2d 842, 856 (N.D. Ill. 2000), or pertain to

underlying claims not brought under § 43 of the Lanham Act, U.S. Test, Inc. v.

NDE Enviro. Corp., 196 F.3d 1376, 1383 (Fed. Cir. 1999) (patent infringement);

Heritage Mut. Ins. Co. v. Advances Polymer Technology, Inc., 97 F. Supp. 2d 913,

932 (S.D. Ind. 2000) (common-law disparagement based solely on use of words

"patent pending"); Winklevoss Consultants, Inc. v. Federal Ins. Co., 991 F. Supp.

1024 (N.D. Ill. 1998) (trade secret misappropriation).

Florida law is clear that where an insurance policy creates an ambiguity, it

should be resolved in favor of the insured. State Farm Fire & Cas. Co. v.

Silverberg, No. 03-12565, slip op. 825, 829 (11th Cir. Dec. 17, 2004); Hyman v.

Nationwide Mut. Ins. Co., 304 F.3d 1179, 1886 (11th Cir. 2002). Because the

Policies are ambiguous as to whether the insured must mention a plaintiff's name

in an advertisement in order to give rise to a duty to defend a false advertising

claim, we resolve the ambiguity in favor of the insured and hold that the claims in

the Schumacher complaint do give rise to the duty to defend, subject to the

application of the exclusions.

B.     Application of Exclusions

Hartford refused to defend Vector in the Schumacher action based on the

exclusions to the duty to defend for intent to injure and knowledge of falsity. Because an allegation of willfulness and knowledge of falsity was incorporated into each count of the Schumacher complaint, Hartford asserts that the exclusions are triggered for all counts.

Vector contends that even though the Schumacher complaint contains allegations of willfulness and knowledge of falsity, it is entitled to a defense from Hartford because Schumacher could recover on at least one claim without proving such intent or knowledge. It is well-settled that no proof of intent or willfulness is required to establish a violation of Lanham Act § 43(a) for false advertising.[1] See, e.g., Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1196 n.13 (11th Cir. 2002); Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186 (2nd Cir. 1980); Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641 (3rd Cir. 1956). Rather, Section 43(a) provides a strict liability tort cause of action. See Spotless Enters., Inc. v. Carlisle Plastics PTY, Inc., 56 F. Supp. 2d 274, 178 (E.D.N.Y.

---

[1]Section 43(a)(1)(B) of the Lanham Act provides that:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

1999). If Vector is correct, it is entitled to a defense on the entire suit, not just the Lanham Act claim, so long as the claim entitling it to a defense is not dismissed. Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So. 2d 810, 815 (Fla. 1st Dist. Ct. App. 1985).

Hartford asserts that an "insurance company's duty to defend an insured is determined solely from the allegations in the complaint against an insured," Amerisure Ins. Co. v. Gold Coast Marine Distrib., Inc., 771 So. 2d 57, 580 (Fla. 4th Dist. Ct. App. 2000), rather than from considering the substance of the causes of action pleaded. Because an allegation of willfulness or knowledge of falsity is included in each count, Hartford argues than under Florida law the exclusions are triggered for all counts, and that it therefore has no duty to defend.

Although there is no Florida case on all fours, a brief survey of the relevant Florida law is instructive. The Florida Supreme Court addressed similar policy exclusions in National Union Fire Ins. Co. v. Lenox Liquors, 358 So. 2d 533 (Fla. 1977). In Lenox Liquors, the insurer refused to defend its insured, a liquor store, after the store's president shot and injured the underlying plaintiff during what the store president erroneously believed to be a hold-up. Id. at 533. The underlying complaint only alleged claims sounding in intentional tort; however, the parties later reached a settlement in which they stipulated that it appeared from discovery

8

that the case would have been tried on a negligence theory rather than an as an intentional tort case. Id. at 534. The Florida Supreme Court held that a duty to defend only arises "where the *complaint* alleges a state of facts within the coverage of the insurance policy." Id. at 535 (emphasis added). Lenox Liquors, however, appears inapposite to the case at bar. The cause of action stated in the Lenox Liquors complaint required an allegation of intent; the intent allegation in the case sub judice was superfluous on the issue of liability (though not for treble damages).[2]

At least one Florida District Court of Appeal has considered what types of actions trigger the intent to injure and knowledge of falsity exclusions. In SM Brickell Ltd. Partnership v. St. Paul Fire and Marine Ins. Co., 786 So. 2d 1204 (Fla. 3rd Dist. Ct. App. 2001), the court held that claims for breach of contract, intentional infliction of emotional distress, and intentional defamation triggered exclusions analogous to those in the present case. Id. at 1206. That court, however, found that a claim for negligent defamation did give rise to a duty to

---

[2]The Schumacher complaint contains a request for treble damages under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). This Court has held that to be eligible for Lanham Act treble damages, the plaintiff must prove that the defendant's conduct was intentional. See Chanel, Inc. v. Italian Activewear of Florida, Inc., 931 F.2d 1472 (11th Cir. 1991) (decided in Lanham Act § 32(a) trademark infringement context, but applying the same treble damages provision). Thus, Schumacher was required to plead intent or knowledge of falsity in order to seek the treble damages remedy.

defend because it did not require proof of intent.  Id.[3]

At least one District Court of Appeal decision speaks to the issue more generally.  In the Amerisure case, the court held that if the allegations of the complaint *state facts* bringing the injury within the coverage of the policy, the insurer must defend regardless of the merits of the lawsuit.  Amerisure, 771 So. 2d at 580-81 (emphasis supplied); see also Steinberg, slip op. at 829 (citing Amerisure).

This Court has considered similar issues of Florida law on at least two occasions.  See Lime Tree Village Comm. Club Assoc. v. State Farm Gen. Ins. Co., 980 F.2d 1402, 1405 (11th Cir. 1993) (holding that insurer had duty to defend its insured despite analogous policy exclusions because the "factual allegations [in the complaint] set forth grounds other than intentional acts" upon which the insured could be liable); ABC Distributing, Inc. v. Lumbermens Mut. Ins. Co., 646 F.2d 207, 209 (5th Cir. Unit B 1981) (holding that insurer did not have duty to defend based on similar exclusions because "[even] if [the underlying plaintiff] could have gone to trial on a theory of unintentional [] violation . . . the insurance company had a right to rely on the averments of the complaint that [the insured's]

---

[3]The district court in the present case purported to rely on SM Brickell.  The district court, however, did not consider the possibility that the Lanham Act claim in the Schumacher complaint might be interpreted not to require intent, and thus did not reach the certified question.

10

actions had been intentional.")[4] None of the above cases, however, addressed the fact pattern here where a cause of action was pleaded so that policy exclusions for intent to injure and knowledge of falsity appear to apply, even though the law governing that cause of action makes it a strict liability offense.

In a recent decision, this Court acknowledged the difficulties posed by the recent explosion of advertising injury litigation in federal courts because most such cases are controlled by state law. State Farm Fire & Cas. Co. v. Steinberg, slip op. at 829-830. Rather than attempting to extend Florida law in the factual situation presented here ourselves, we certify the issue to the Florida Supreme Court for a definitve statement.

## III. QUESTION CERTIFIED

We respectfully certify to the Florida Supreme Court the following question:

Whether the Lanham Act § 43(a) claim, as pleaded in the Schumacher complaint, triggers either the intent to injure exclusion or the knowledge of falsity

---

[4]In Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court declared that all Fifth Circuit decisions handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit.

exclusion provided for in the Policies.

Our phrasing of the certified questions is merely suggestive and does not in any way restrict the scope of the inquiry by the Supreme Court of Florida. As we previously noted:

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given, whether as a comprehensive whole or in subordinate or even contingent parts.

Swire Pacific Holdings v. Zurich Ins. Co., 284 F.3d 1228, 1234 (11th Cir. 2002) (quoting Martinez v. Rodriguez, 394 F.2d 156, 159 n.6 (5th Cir. 1968)).

The entire record in this case and the briefs of the parties are transmitted herewith.

QUESTION CERTIFIED.