951 So.2d 934 (2007)
Warren M. FABEL, Appellant,
v.
Doreen L. MASTERSON and Frank Zammiello, Appellees.
No. 4D05-4395.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Rehearing Denied April 20, 2007.
*935 Robert Rivas of Sachs, Sax & Klein, Tallahassee, for appellant.
John C. Dotterrer and Jenny Torres of John C. Dotterrer, Counsellors at Law, P.A., Palm Beach, for appellees.
MAY, J.
A failed real estate transaction resulted in a summary judgment for the buyers. The seller appeals the judgment, and raises four issues. Among them, he argues that the trial court erred in finding the buyers were excused from complying with the contract's deposit requirements because of a lis pendens filed against the property. We agree and reverse.
The seller and his former wife divorced on August 12, 1996. As part of the dissolution, the former wife executed a quit claim deed for the marital home. The seller/former husband was ordered to pay the former wife a total of $366,000, of which $291,000 was to be paid upon the sale of the marital home or within three years.
Having failed to receive the funds within three years, the former wife filed a notice of lis pendens in July 2000. The lis pendens did not quantify the outstanding debt. On November 9, 2000, the seller filed a motion to dissolve the lis pendens, asserting the former wife had no interest in the marital home and the lis pendens adversely affected his ability to sell it.
On December 2, 2000,[1] the seller entered into an agreement to sell the property to Doreen Masterson for $2,350,000. Although not a party to the original contract, Frank Zammiello[2] was to finance the purchase. The closing date was set for February 1, 2001.
The contract required an initial deposit of $117,500 at the time of signing and a final deposit of $117,500 within ten days. The buyers failed to make either deposit even though they were unaware of the lis pendens until two years into the litigation.
A few weeks after entering into the contract, the seller sued Masterson and ultimately Zammiello. The seller claimed the buyers breached the contract by failing to make the requisite deposits. The buyers claimed the seller had refused to allow an inspection, thereby relieving them from making the deposits.
*936 On January 19, 2001, the family court heard, but did not rule on, the seller's motion to dissolve the lis pendens. Meanwhile, the original closing date passed on February 1, 2001, with the thirty-day cure period expiring on March 3, 2001. The family court denied the motion to dissolve on March 29, 2001, finding a nexus between the former wife's claim and the property. The court found the potential adverse affect of the lis pendens on the seller's ability to sell the property insufficient cause to dissolve it.
On October 26, 2001, the seller entered into an amended settlement agreement with the former wife, in which the former wife agreed to release the lis pendens in exchange for $1,450,000 upon the sale of the home. The family court accepted the amended agreement on December 19, 2001. Two days later, the seller and former wife executed a warranty deed conveying the property to a new buyer. The lis pendens was removed from the property approximately a week later.
In the seller's separately filed litigation, the trial court heard the original buyers' motion for summary judgment on October 14, 2005. The seller argued that he was entitled to the deposit monies because the buyers breached the contract by failing to make the required deposits. The buyers now argued that they were relieved from making the deposits because the former wife's lis pendens had created a cloud on the title. The trial court agreed with the buyers and entered a summary judgment in their favor. The trial court also set aside a default that had been obtained by the seller against Zammiello.
The seller argues on appeal that the trial court erred as a matter of law in entering summary judgment for the buyers. We review such decisions de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The legal issue focuses on which party breached the agreement first. The trial court concluded that the seller's inability to deliver marketable title relieved the buyers from making the requisite deposits. We disagree and reverse.
It is axiomatic that the anticipatory breach of a contract by one party excuses contractual compliance by the other. Camel Invs. Inc. v. Webber, 468 So.2d 340, 342 (Fla. 1st DCA 1985). In this case, the first breach occurred when the buyers failed to make the initial deposit at the signing of the contract. A second breach occurred when the buyers failed to make the final deposit within ten (10) days of entry into the contract. From that point forward, the seller was excused from contractual compliance.
There are two additional reasons why the summary judgment should not have been granted. First, the contract provided the seller with a thirty-day period to cure any defect. The buyers were unable to establish that the seller could not have cured the cloud on the title by resolving the lis pendens within that time.
Second, the contract provided specific remedies to the buyers if the seller was unable to provide marketable title by the closing date. The buyers could either elect to provide the seller a reasonable period not to exceed 120 days within which to make a diligent effort to remove any defect on the title or receive a refund of their deposits. Excuse from the buyers' contractual obligations was not among those remedies.
For these reasons, the trial court erred as a matter of law in entering summary judgment for the buyers. In reversing the summary judgment, we also reverse the trial court's order setting aside the default against Zammiello which was based upon the summary judgment. Upon remand, the trial court can reconsider the default *937 issue in light of our holding, as well as the seller's pending motion for sanctions.
Reversed and Remanded.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The original contract with handwritten annotations was signed on November 27, 2000. A subsequent typed contract was signed on either December 2 or 5, 2000.
[2] Zammiello will be referred to jointly with Masterson as buyers for ease of reference.