[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11605
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-14381-JEM

SOUTHERN-OWNERS INSURANCE COMPANY,

Plaintiff, Counter Defendant, Appellee,

versus

JOHN HAYDEN,
BEVERLY HAYDEN,
JPH SERVICES, INC.,

Defendants, Counter Claimants, Third Party Plaintiffs, Appellants,

INSURPRO INSURANCE AGENCY. INC.,
a Florida for profit corporation, et al.

Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 8, 2011)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

John Hayden was injured in a motor vehicle accident while driving his personally owned Harley Davidson motorcycle on the job for his employer, JPH Services, Inc.[1] Hayden, Beverly Hayden (who is Hayden's wife and an executive officer of JPH), and JPH appeal the district court's order granting summary judgment to Southern-Owners Insurance Company regarding its liability for uninsured motorist coverage for losses arising out of Hayden's accident under JPH's policy with Southern-Owners.

Hayden contends that the district court erred in finding that he was not an insured under the plain, albeit "tortured" language of the endorsement titled "Commercial General Liability Plus Endorsement" (hereafter "the policy endorsement"), which is part of JPH's policy with Southern-Owners. He argues that the provisions of the policy endorsement work to create an ambiguity, which must be construed against Southern-Owners as the drafter of that policy.

We review de novo the district court's grant of summary judgment. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010). Because it

---

[1] The parties dispute whether Hayden was on the job at the time of accident or off the clock and en route to the regional Bikefest. For purposes of summary judgment, the district court assumed Hayden was within the scope of his employment at the time of the accident. We make that same assumption.

is a question of law, we also review de novo the district court's interpretation of a insurance contract. Vector Prods., Inc. v. Hartford Fire Ins. Co., 397 F.3d 1316, 1318 (11th Cir. 2005). This is a diversity case to which Florida law applies. Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1319 n. 6 (11th Cir. 2001).

Under Florida law, "[i]t is well settled that the actual language used in the contract is the best evidence of the intent of the parties and, thus, the plain meaning of that language controls." Rose v. M/V "Gulf Stream Falcon", 186 F.3d 1345, 1350 (11th Cir. 1999) (citing Green v. Life & Health of Am., 704 So. 2d 1386, 1391 (Fla. 1998)). Where a word or phrase in a contract is subject to more than one reasonable meaning, it is ambiguous. See Friedman v. Va. Metal Prods. Corp., 56 So. 2d 515, 517 (Fla. 1952). Courts decide as a matter of law whether ambiguity exists in a contract, Abis v. Tudin, D.V.M., P.A., 18 So. 3d 666, 668 (Fla. 2d DCA 2009), and any ambiguity is generally construed against the insurer and in favor of coverage. Garcia v. Fed'l Ins. Co., 969 So. 2d 288, 291 (Fla. 2007).

The policy endorsement provides that the insurer "will pay the sums the insured becomes legally obligated to pay because of [damages] arising out of the . . . use of an 'auto' you do not own or which is not registered in your name, but which is used in your business." "You" means the "Named Insured in the

3

Declarations" and JPH is the insured entity that the declarations name. And

"insured" means "any person . . . qualifying as such under" the provision

appropriately titled "Who Is An Insured."

The "Who Is An Insured" provision states, in relevant part:

Each of the following is an insured:
1. You.
2. Any partner or executive officer of yours.
3. Any person using the "auto" and any person or organization legally responsible for the use of an "auto" not owned by such person or organization, provided the actual use is with your permission.

None of the following is an insured:
. . .
2. Any person using the "auto" and any person other than you, legally responsible for its use with respect to an "auto" owned or registered in the name of:
a. such person; or
b. any partner or executive officer of yours or a member of his or her household; or
c. any employee or agent of yours who is granted an operating allowance of any sort for the use of such "auto". [sic]

Hayden argues that the language of the "Who Is An Insured" provision in

the policy endorsement contains completely conflicting clauses that create an

ambiguity. Hayden argues that the modifying clauses of "not owned by such

person or organization" and "owned or registered in the name of . . . such person"

do not modify the two "[a]ny person using the 'auto'" clauses in that provision.

4

He argues that the policy endorsement can be reasonably read to include without limitation "any person using the 'auto'" as an insured, but then later to exclude without limitation that same class of persons—"any person using the 'auto.'" There would be an ambiguity if the policy endorsement did grant coverage to "any person using the 'auto'" with one hand and take it away from that same "person using the 'auto'" with the other. That ambiguity would have to be resolved in favor of coverage under Florida contract law.

If those clauses are considered in isolation, Hayden's argument has some force. But, under Florida law, we do not read clauses in a contract in isolation; we look to the contract as a whole. See Jones v. Warmack, 967 So. 2d 400, 402 (Fla. 1st DCA 2007). "When a contract contains apparently conflicting clauses, we must interpret it in a manner that would reconcile the conflicting clauses, if possible." Lloyds Underwriters v. Netterstrom, 17 So. 3d 732, 735 (Fla. 1st DCA 2009). Looking at the policy endorsement as a whole, Hayden's interpretation is unreasonable.

In defining who is an insured, coverage is limited to "[a]ny person using the 'auto' . . . not owned by such person or organization, provided the actual use is with your permission." The exclusions reiterate that limitation on who is an insured by specifically excluding "[a]ny person using the 'auto' . . . owned or

registered in the name of . . . such person." Those provisions, read as a whole, contemplate coverage in situations where a JPH employee using a rental car, or another employee's car drives it on a business errand for JPH. Those provisions, however, exclude a JPH employee who is driving his own vehicle or a vehicle owned by a partner or executive officer of JPH even if he is doing so within the scope of his employment.

While the provisions in the policy endorsement are not the clearest contract clauses ever composed, they do not conflict and are not ambiguous. The provision manifests an intent to provide coverage for losses arising from the use of vehicles by people who do not own them while specifically excluding losses arising from people driving their own vehicles. In this case John Hayden was injured while driving his own motorcycle. He is thus not an insured under the policy endorsement.[2]

**AFFIRMED.**

---

[2] Southern-Owners alternatively argues in its response brief that we should affirm because JPH's policy is not a policy governed by Florida's uninsured motorist statute, Fla. Stat. § 627.727. Because we affirm the district court's order granting summary judgment on other grounds, we need not address Southern-Owners' alternative ground for affirmance. Also, because we affirm the district court's order of summary judgment, Hayden's argument that the costs awarded to Southern-Owners should be reversed if we reversed the summary judgment order is moot.