TORPY, J.
In this dispute regarding the meaning of an agreement restricting the use and development of real property, we view the dispositive issue as whether the agreement restricts the development of the subject lots to a shopping center, thereby prohibiting its development as an apartment complex. Although the operative portion of the agreement makes no such restriction, the trial court concluded that a “WHEREAS” clause contained within the recital compels such a construction. After de novo review, we conclude that the unambiguous, operative portion of the agreement controls over the prefatory language in the recital. Alternatively, we conclude that, even if the whereas clause is considered in interpreting the agreement, it does not support the trial court’s construction of the agreement. Accordingly, we reverse the summary final judgment in favor of Appellee and remand this cause with instructions that the trial court enter summary judgment in favor of Appellant.
A detailed recitation of the facts is unnecessary to an understanding of our holding. In a nutshell, Appellant and Appellee are parties to an eighteen-page document labeled Declaration of Restrictions and Reciprocal Easement Agreement. The agreement affects five lots that were owned by Appellant at the time of its execution (Lots 1, 2, 3, 4 and Tract B) and an adjacent access road owned by Appellee over which easement rights were granted. The operative portion of the agreement is expressed in eleven sequentially numbered “Articles” addressing, inter alia, use restrictions and covenants, construction approvals, other covenants and obligations of Lot 1 owner, and covenants running with the land. Appellee concedes that these “operative” provisions, although delineating use restrictions and covenants on Appellant’s property, do not contain restric *648 tions compelling the development of all or any portion of the property as a shopping center or for commercial purposes.
The center of the dispute involves the effect of the following “WHEREAS” clause located in the agreement’s introduction:
WHEREAS, in order to facilitate the development and integrated use of the Commercial Property as a shopping center (the “Shopping Center”), it is the intention of [Appellant] that this Agreement shall reserve and establish certain perpetual easements, agreements, rights and obligations by and among the future owners of Lots 1, 2, 3, and 4, and Tract B, to run with the land, as hereinafter more fully set forth.
Appellee urges that this whereas clause restricts development of Lots 1, 2, 3, 4 and Tract B to a shopping center. Although a portion of the property, specifically Lots 1 and 2, were developed as a shopping center, Appellant desires to develop a portion of Lot 3 as an apartment complex, a proposed use that Appellee claims is prohibited under the agreement without its consent. Appellee sought and obtained an injunction prohibiting the proposed use and development.
Even assuming that Appellee’s proffered construction of the whereas clause manifests an intent to restrict the development of all of Appellant’s property to a shopping center, we conclude that the whereas clause is prefatory and not binding. The agreement is clearly arranged in such a manner to separate the recital from the operative portions, which are expressed in detailed, numbered articles. Specific articles in the operative portion address development and use restrictions and covenants that run with the land. The operative portion of the document is both comprehensive and unambiguous. Under these circumstances, the prefatory language should not be considered to vary the unambiguous terms of the operative portion of the document. See Johnson v. Johnson, 725 So.2d 1209, 1212-13 (Fla. 3d DCA 1999) (holding that “whereas” clause is nonbinding on parties to contract and not operative provision of otherwise unambiguous agreement).
Alternatively, even were we to consider the prefatory language in this case, we do not construe it to unambiguously burden all or any portion of the lots in the manner argued by Appellee. A use restriction on land must be strictly construed in favor of unrestricted use of the land. McInerney v. Klovstad, 935 So.2d 529, 531 (Fla. 5th DCA 2006). Here, the prefatory statement that “hereinafter” enumerated use restrictions are intended to “facilitate” a particular development and use does nothing more than explain why the enumerated restrictions were imposed.
We need not address the propriety of Appellant’s unilateral amendment to the agreement because we conclude that the amendment was not necessary to authorize the property’s use as an apartment complex. It follows that Appellant could further restrict this use by limiting the number of units without the consent of Appellee.
We have not overlooked Appellee’s argument that Appellant’s subsequent conduct manifested an understanding that the agreement prohibits the proposed use. We reject this argument without further discussion. Nor do we deem Appellant’s admissions in its pleadings regarding the amendment to compel or support a different construction of the agreement.
REVERSED AND REMANDED.
SAWAYA and JACOBUS, JJ., concur.