KELSEY, J.
We have for review a final summary judgment in favor of appellees Jon Barker and Thomas Bryan as sellers of a residence that is alleged to have multiple serious defects that have a material adverse effect on the property’s value. The standard of review is de novo. S. Nat. Track Serv., Inc. v. Gilley, 152 So.3d 13, 16 (Fla. 1st DCA 2014). Finding that the record demonstrates the existence of multiple genuine issues of material fact, we reverse and remand for a trial on the merits of Appellant’s claims.
Appellant bought a house from these appellees, and alleges that he discovered numerous unresolved defects after living in it. He sued these appellees for failure to disclose known defects in the house contrary to their duty under Johnson v. Davis, 480 So.2d 625, 625-28 (Fla.1985). He also alleged that appellee Jon Barker fraudulently misrepresented the condition of the house. Appellant alleged that the other defendants contributed to the problem and caused damages in various ways related to their respective roles in the process of repairing, remodeling, inspecting, reporting about, or selling the house.
The record includes the pleadings, several depositions, and the sellers’ identical conclusory affidavits denying awareness of *1015 any defects in the property at the time they sold it to Appellant. Appellees Barker and Bryan moved for summary judgment, arguing that their affidavits “negated” the knowledge element of Appellant’s claim, and that there was no evidence to the contrary. They rely upon evidence that they argue supports their position on the merits, but the test is not whether there is evidence to support the position of the summary judgment movant. The test is whether there is any evidence or reasonable inference supporting the non-mov-ant’s position.
A summary judgment proceeding is not a trial by affidavit or deposition. Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975). When a defendant moves for summary judgment, the allegations of the complaint must be accepted as true. Graff v. McNeil, 322 So.2d 40, 43 (Fla. 1st DCA 1975). The movant must demonstrate conclusively that no genuine issue exists as to any material fact, and the court must draw every possible inference in favor of the party opposing summary judgment. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). “A summary judgment should riot be granted unless the facts are so crystallized that nothing remains but questions of law.” Id. Moreover, “ ‘[A]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party’; if ‘the slightest doubt remains,’ a summary judgment cannot stand.” Brock v. Assocs. Fin., Inc., 625 So.2d 135, 135-36 (Fla. 1st DCA 1993) (quoting Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972)).
Subject to these standards, we have carefully reviewed the parties’ detailed arguments and the record, and find that Appellant has demonstrated the existence of facts and inferences that run counter to those upon which these appellees relied in moving for summary judgment. See DeMesme v. Stephenson, 498 So.2d 673, 675 (Fla. 1st DCA 1986) (party opposing summary judgment must demonstrate “countervailing facts or justifiable inferences from the facts presented”). The record demonstrates the existence of material triable issues. Among them are the following.
Although these appellees deny having the qualifications or experience to even know what was wrong with the property or what needed to be done to fix it, the record contains evidence that they both are very experienced in real estate and have done many other house-flipping projects like this, and many other real estate transactions. Both of them admitted to having knowledge of the very poor initial condition of the house. In fact, the sellers admitted that the house was in such bad condition that they were able to buy it for little more than the value of the land. One or both of them also admitted to knowing about the need for substantial repairs including structural damage and a failing foundation, and the existence of prior additions and unpermitted work on the house, among other things. This evidence raises a question of fact about the appellees’ knowledge, as well as questions about their credibility and the plausibility of .their denying knowledge of the property’s substantial defects and what repairs it needed.
As we have noted in analogous circumstances, the sellers’ affidavits actually highlight the existence of a genuine issue of material fact. This Court in Gilley reversed a summary judgment where an appellee’s affidavit denied any knowledge of building codes or other violations, in response to a claim against him for breach of warranty by failure to disclose and for damages based on fraudulent misrepresentation. Gilley, 152 So.3d at 16 (“The fact that Appellee’s affidavit denied any knowledge of building codes or other violations only highlights the existence of a conflict *1016 in the facts, which generally precludes summary judgment rather than proves that no conflict exists.”) (emphasis added). Appellant is entitled to a trial to resolve the factual issue of what the sellers knew.
The record contains evidence that these appellees looked at the property before buying it; instructed their remodeling contractor about what work to do on the property; visited the property many times while the work was being done, even weekly; and agreed to repair all items that Appellant identified before the closing as needing repair. Among the problems Appellant brought to the sellers’ attention were the need for inspection and repair of damage and defects in structural wood and the -foundation. Both appellees attested that all requested repairs were completed, but Appellant alleges otherwise and there is evidence to the contrary. In addition, Appellee Barker admitted to making several false representations on the property disclosure form, although he argues that it was because the realtor pressured him to hurry and he dislikes filling out those forms. These facts demonstrate the existence of genuine issues of material fact precluding entry of summary judgment.
There is also a conflict in the evidence as between Mr. Barker and Mr. Bryan about whether Mr. Bryan was aware of the structural issues, although Mr. Barker admitted that he himself was aware of those issues. There is a direct conflict in the evidence as to whether Mr. Barker met with Appellant at the property prior to closing, and if so, what representations Mr. Barker made about the then-existing condition of the property in general and whether requested repairs had been completed, in particular. See Gilley, 152 So.3d at 16. This is another factual determination for trial, not subject to disposition on summary judgment.
The appellees have argued that they relied completely on the remodeling contractor to take care of any problems with the house. Yet they also claim that they only gave the contractor a conceptual view of how they wanted the interior of the house to be configured, and instructions about the cosmetic aspects of the remodeling. There is evidence that the work was to be done for a fixed price. A fixed-price contract would seem to contradict the suggestion that the remodeling contractor was undertaking to repair any damage or defects that might be encountered, including a foundation that was later estimated to need in excess of $50,000 worth of repairs. The payments actually made might or might not reflect the completion of repairs that were represented as done. These are triable issues.
In addition, the remodeling contractor has a different view of the instructions given and the scope of work. The representative of the remodeling contractor claimed that he and his partner were never made aware of any structural issues, nor asked to repair them. He testified that any needed repairs would have been communicated to appellees Barker and Bryan and it would have been up to them what to repair and how. All of this evidence also raises a triable issue, because if the sellers knew about the original non-cosmetic problems but never undertook to have them repaired, that is relevant to whether the intervening work of the remodeling contractor at the sellers’ direction can absolve these appellees of any liability associated with their original knowledge.
The fact that this house was sold “as is” does not make summary judgment appropriate. The duty to disclose known defects under Johnson v. Davis continues to exist for a home sold “as is.” Syvrud v. Today Real Estate, Inc., 858 So.2d 1125, 1130 (Fla. 2d DCA 2003). The sellers do not dispute this principle. Despite selling this house “as is,” the sellers had a duty to *1017 disclose what they knew about its condition, and they undertook to make disclosures to Appellant about the condition of the house. The record demonstrates triable issues of fact about what that condition was, what the sellers knew about it, what disclosures were made, and whether those disclosures were accurate.
The fraud claim against Mr. Barker is particularly unsuitable for summary judgment. As we have noted before, “because fraud is ⅛ subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong,’ it will often not be a proper matter for summary judgment.” Palmer v. Santa Fe Healthcare Sys., Inc., 582 So.2d 1234, 1236 (Fla. 1st DCA 1991) (quoting Hermes v. Anton, 300 So.2d 46, 47 (Fla. 3d DCA 1974)). The record contains evidence creating an issue of fact with respect to Mr. Barker’s knowledge, and the element of his intent is likewise a triable issue.
Finally, we also note that Appellant’s recent addition of new defendants may raise new issues of both law and fact related to the liability, if any, between and among all of the defendants including these appellees. All of the parties should be given ample opportunity to develop evidence relating to all defendants and the interaction of each of their roles with the roles of the other defendants, particularly including appellees Barker and Bryan, and the legal ramifications of such interaction.
Accordingly, the trial court’s grant of summary judgement is REVERSED, and this matter is REMANDED for further proceedings.
SWANSON and OSTERHAUS, JJ„ concur.