IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EVERGREEN COMMUNITIES,
INC. and PALAFOX, LLC,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellants/Cross-Appellees,

v.

CASE NO. 1D16-3367

PALAFOX PRESERVE
HOMEOWNERS'
ASSOCIATION, INC., a Florida
Corporation, ROBERT N.
BRASWELL and WYNONA C.
BRASWELL,

Appellees/Cross-Appellants.

_____/

Opinion filed April 4, 2017.

An appeal from the Circuit Court for Leon County.
George S. Reynolds, Judge.

W. Douglas Hall and James Parker-Flynn of Carlton Fields, Tallahassee, for
Appellants/Cross-Appellees.

Jefferson M. Braswell of Scruggs & Carmichael, P.A., Gainesville, for
Appellees/Cross-Appellants.

PER CURIAM.

Appellants, Evergreen Communities Inc. and Palafox, LLC, challenge a final

summary judgment in which the circuit court found that a declaration of covenants

and restrictions limits the use of appellants' land to commercial use. Appellees, who are the Palafox Preserve Homeowners' Association and individual homeowners Robert and Wynona Braswell, filed a cross-appeal challenging other issues. We affirm the issues on cross-appeal without discussion. However, we reverse the final summary judgment because the record contains disputed issues of material fact that cannot be resolved on summary judgment.

The standard of review of a final summary judgment is de novo. Bowman v. Barker, 172 So. 3d 1013, 1014 (Fla. 1st DCA 2015). "A summary judgment proceeding is not a trial by affidavit or deposition." Id. at 1015. "The movant must demonstrate conclusively that no genuine issue exists as to any material fact, and the court must draw *every possible inference* in favor of the party opposing summary judgment." Id. "'A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.'" Id. (quoting Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985)).

"[R]estraints [on the use of real property] 'are not favored and are to be strictly construed in favor of the free and unrestricted use of real property.'" Leamer v. White, 156 So. 3d 567, 572 (Fla. 1st DCA 2015), reh'g denied (Feb. 20, 2015) (quoting Wilson v. Rex Quality Corp., 839 So. 2d 928, 930 (Fla. 2d DCA 2003)). "In construing restrictive covenants the question is primarily one of intention, and the fundamental rule is that the intention of the parties as shown by

2

the agreement governs, being determined by a fair interpretation of the entire text of the covenant." Wilson, 839 So. 2d at 930 (quoting Thompson v. Squibb, 183 So. 2d 30, 32 (Fla. 2d DCA 1966)). If a restrictive covenant is ambiguous, parol evidence regarding the developer's intent is material. Barnett v. Destiny Owners Ass'n, Inc., 856 So. 2d 1090, 1092 (Fla. 1st DCA 2003). A statement in a restrictive covenant explaining that certain restrictions are intended to "'facilitate' a particular development and use" is insufficient to restrict the future use of the property to that particular development and use; instead, such a statement "does nothing more than explain why the enumerated restrictions were imposed." Orlando Lake Forest Joint Venture v. Lake Forest Master Cmty., 105 So. 3d 646, 648 (Fla. 5th DCA 2013).

Here, we find language in the declaration of covenants and restrictions that expressed the developer's personal intent to develop the property for commercial use is ambiguous as to whether the developer intended to create a restriction on the property such that it could only be used for commercial purposes. Appellants submitted an affidavit in which the developer stated that he did not intend to create a restriction on use. The trial court rejected this assertion as "disingenuous." However, we find this affidavit was parol evidence that created a disputed issue of material fact as to the developer's intent, which is paramount in interpreting a land

use restriction. Because disputed issues of material fact remain, we reverse the final summary judgment and remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.