# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1298
Lower Tribunal No. 22-20688-CA-01
_____

**Carlos Cabrera, Jr.**,
Appellant,

vs.

**Lauri Bloom**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Giasi Law, P.A., and Melissa A Giasi (Tampa), for appellant.

Lines Law, PLLC, and Matthew L. Lines, for appellee.

Before EMAS, LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed.  See MJ Island Invs. LLC v. ESJ JI GP, LLC, 412 So. 3d 189, 191 (Fla. 3d DCA 2025) (appellate court reviews the record de novo to determine whether there are genuine issues of material fact that preclude summary judgment); D & E Real Estate, LLC v. Vitto, 260 So. 3d 429, 433 (Fla. 3d DCA 2018) ("[T]he interpretation of a contract is a question of law which is [] subject to de novo review"); see also Mori v. Fortune Cap. Partners, Inc., 316 So. 3d 744, 746 (Fla. 3d DCA 2021) (holding, under a similar provision, that buyer had only two options if the title defect was not cured within the cure period: to terminate the contract or to accept title subject to existing defects and close without a reduction in the purchase price); Levin v. Lang, 933 So. 2d 107 (Fla. 3d DCA 2006) (holding that vendors' written notice was sufficient under contract to put purchaser on notice that vendors had decided they could not cure title defect through reasonable efforts, and that purchaser had to decide whether to terminate contract or accept title subject to existing defects); Fabel v. Masterson, 951 So. 2d 934, 936 (Fla. 4th DCA 2007) (reversing summary judgment for buyer: "[T]he contract provided specific remedies to the buyers if the seller was unable to provide marketable title by the closing date. The buyers could either elect to provide the seller a reasonable period not to exceed 120 days within which to make a diligent effort to remove any defect on the title or

2

receive a refund of their deposits. Excuse from the buyers' contractual obligations was not among those remedies."); <u>Jones v. Warmack</u>, 967 So. 2d 400, 402 (Fla. 1st DCA 2007) ("Because the parties agreed that Seller had the right to choose whether to cure any title defects, and Buyer had the right to accept or reject title, Seller did not breach the contract."); <u>Taines v. Berenson</u>, 659 So. 2d 1276, 1278 (Fla. 4th DCA 1995) ("[W]e . . . decline to view as a default the seller's failure to cure the defect. Rather, we take the view that her inability to cure has already been contemplated, and the buyer's remedies for same have been provided for in Provision A. Consequently, under the terms of the contract, the only remedies available . . . are as found in Provision A(1) or (2).").