NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JORGE I. MOREJON and RAMONA L. )
MOREJON, )
)
          Petitioners, )
)
v. )     Case No. 2D14-2531
)
F & M REAL ESTATE, INC.; UNITED )
STATES OF AMERICA DEPARTMENT )
OF TREASURY; and CITIBANK )
(SOUTH DAKOTA), N.A., )
)
          Respondents. )
_____ )

Opinion filed April 8, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Christine K.
Vogel, Senior Acting Circuit Judge.

David D. Sharpe of The Law Office of Dario
Diaz, P.A., Tampa, for Petitioners.

Anthony G. Woodward, Land O'Lakes, for
Respondent F & M Real Estate, Inc.

No appearance for remaining Respondents.

ALTENBERND, Judge.

          Jorge I. Morejon and Ramona L. Morejon, who are the defendant

homeowners in a residential mortgage foreclosure action, seek a writ of certiorari to

quash an interlocutory order that requires them to produce certain private financial records for use in a court-ordered mediation proceeding. The records do not appear to have been matters that would have been subject to discovery in the foreclosure proceeding at the time they were ordered to be produced in the mandated mediation. The information might be useful to the parties in negotiating a refinancing or some form of workout, but it might also be useful to the lender, who holds a second mortgage, in deciding whether and how it could collect on a deficiency judgment. If the homeowner would rather have the mediation reach impasse than disclose this information, the trial court has no authority to compel the production of these documents at this stage in the proceedings. The order departs from the essential requirements of the law and results in a type of injury that cannot be remedied on direct appeal. Accordingly, we grant relief. See Ryan v. Landsource Holding Co., LLC, 127 So. 3d 764 (Fla. 2d DCA 2013).

## I. THE PROCEEDINGS IN THE TRIAL COURT

F & M Real Estate, Inc. ("F&M"), filed the underlying lawsuit on May 31, 2013. In its complaint, F&M alleged, in essence, that the Morejons executed and delivered a promissory note payable to F&M and a second mortgage securing that indebtedness in June 2006. F&M further alleged that those obligations were subsequently modified and that the Morejons were in default of their obligations.

In December 2013, before the Morejons had even filed an answer or affirmative defenses, the trial court sua sponte entered a "Uniform Order of Referral to Foreclosure Mediation *(Effective June 17, 2013)*" (the "uniform referral order"). As explained in more detail later in this opinion, as part of the mediation, in mid-January

2014, the Morejons received a standardized "Plaintiff's Certification Form" that required

them to produce the following items that had been requested by F&M:

1. 2010, 2011 and 2012 Tax Returns
2. All Deeds for property owned
3. Last 3 months of bank statements
4. Last 4 Paystubs

On February 5, 2014, the Morejons filed a "Motion for Relief from Mediation Order

and/or Motion for Protective Order," in which they objected to the production of most of

the financial records they were required to produce in conjunction with the mediation

proceeding. In an order filed May 1, 2014, the circuit court denied the Morejons' motion

and ordered them to produce all of the items requested by F&M as well as "proof of

income, proof of residency, utility bills, Dodd-Frank Certification, 4506-T Form" (the

"production order"). The Morejons seek certiorari review of the May 2014 production

order.

## II. A BRIEF DESCRIPTION OF THE ADMINISTRATIVE ORDERS AND FORMS USED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES IN THE THIRTEENTH JUDICIAL CIRCUIT

Because this case does not involve normal discovery under the Florida

Rules of Civil Procedure but, instead, involves a rather unusual method of compelled

information sharing within court-mandated mediation, we believe a little background into

the program may be useful. The history of mediation in residential foreclosure cases in

the Thirteenth Judicial Circuit was explained by then Chief Judge Manuel Menendez,

Jr., in administrative order number S-2012-038, in which he stated:

> In December 2009, the Florida Supreme Court
> determined that mediation programs for homestead
> residential mortgage foreclosure actions should be
> mandatory throughout the state and directed the creation of
> a Residential Mortgage Foreclosure Mediation Program in

each circuit.  Thereafter, the Hillsborough County Bar Foundation was selected as Program Manager for the Residential Mortgage Foreclosure Mediation Program ("RMFM Program") in the Thirteenth Judicial Circuit.  In December 2011, the Florida Supreme Court terminated the statewide managed mediation program effective December 19, 2011 but provided that cases already referred to and pending in a Residential Mortgage Foreclosure Mediation Program on or before December 19, 2011 will remain in the program through the completion of mediation.  Additionally, the Court authorized chief judges "to do everything necessary to promote the prompt and efficient administration of justice."

Upon the termination of the statewide managed mediation program, the . . . chief judge [of the Thirteenth Judicial Circuit] suspended the automatic referral of all newly filed mortgage foreclosure cases involving a homestead residence to the Residential Mortgage Foreclosure Mediation Program until further order of the Court.  The suspension of automatic referrals was necessary in determining the appropriate measures to manage pending and new residential mortgage foreclosure cases, including referral of cases to mediation on a case-by-case basis in accordance with section 44.102, Florida Statutes, and Florida Rule of Civil Procedure 1.700(a).

Foreclosure Procedures, Admin. Order No. S-2012-038 (Fla. 13th Cir. Ct. June 29, 2012) (eff. July 1, 2012, through Sept. 30, 2012) (internal footnotes omitted).  In that same administrative order, the Thirteenth Judicial Circuit Residential Mortgage Foreclosure Mediation Program, which had been created under the statewide mandated managed mediation program, was terminated as of July 1, 2012, except for cases filed on or before December 19, 2011.  Id.

By administrative order, beginning July 1, 2012, and continuing at least through the time this case was referred to mediation, whether to refer a residential mortgage foreclosure case to mediation in the Thirteenth Judicial Circuit was to be decided on a case-by-case basis.  See Foreclosure Procedures, Admin. Order No. S-

- 4 -

2013-080 (Fla. 13th Cir. Ct. Dec. 18, 2013) (eff. Jan. 1, 2014) (superseding

administrative order number S-2012-053); Foreclosure Procedures, Admin. Order No.

S-2012-053 (Fla. 13th Cir. Ct. Sept. 27, 2012) (eff. Oct. 1, 2012) (superseding two

administrative orders, including administrative order number S-2012-038); Foreclosure

Procedures, Admin. Order No. S-2012-038 (Fla. 13th Cir. Ct. June 29, 2012) (eff. July 1,

2012).  Although the program has changed in many respects, these administrative

orders all provide for the referral of these types of cases to mediation on a case-by-case

basis.  Additionally, they all designate the Hillsborough County Bar Foundation as the

circuit's mediation provider in residential mortgage foreclosure cases.[1]

      The mediation referral procedures set forth in the order in effect at the

time this case was referred to mediation provide, in pertinent part:

> i.  After service of the complaint, either party may request in writing to the presiding judge that such case be referred to mediation.  Upon receipt of a request for mediation, the presiding judge will evaluate and determine, on a case by case basis, whether the case should be referred to mediation in accordance with section 44.102, Florida Statutes and Florida Rule of Civil Procedure 1.700(a).
>
> ii.  The presiding judge may sua sponte evaluate and determine, on a case-by-case basis, whether a case should be referred to mediation in accordance with section 44.102, Florida Statutes and Florida Rule of Civil Procedure 1.700(a).
>
> iii.  If the presiding judge determines that a case should be referred to mediation, the judge will enter a "Uniform Order of Referral to Foreclosure Mediation."  A copy of the Uniform Order of Referral to Foreclosure Mediation may be found on the Thirteenth Judicial Circuit's webpage at www.fljud13.org/forms.aspx.  Parties wishing to

---

[1]Although the Hillsborough County Bar Foundation is designated as the provider for the circuit, the parties are allowed some flexibility in selecting a different mediation service.  Here, the case was referred for mediation to the Hillsborough County Bar Foundation Residential Mortgage Foreclosure Mediation Program.

- 5 -

utilize mediation services other than those provided through the Hillsborough County Bar Foundation must follow the procedures set out in the Uniform Order of Referral to Foreclosure Mediation. Only Supreme Court certified circuit civil mediators who are specially trained in mortgage foreclosure cases may be designated to provide mediation services in the Thirteenth Judicial Circuit.

Foreclosure Procedures, Admin. Order No. S-2012-053 (Fla. 13th Cir. Ct. Sept. 27, 2012) (eff. Oct. 1, 2012) (emphasis added). The mediation referral procedures set forth in the administrative order in effect at the time the trial court entered the production order, see Foreclosure Procedures, Admin. Order No. S-2013-080 (Fla. 13th Cir. Ct. Dec. 18, 2013) (eff. Jan. 1, 2014) (superseding administrative order number S-2012-053), are essentially the same as the above-quoted procedures set forth in administrative order number S-2012-053.

The uniform referral order sets forth a number of requirements, including the following:

> 3. At least 30 days prior to a scheduled mediation conference the borrower must provide to the RMFM Program a completed Borrower's Financial Disclosure for Mediation Form and any additional documentation that was requested by the plaintiff in its Plaintiff's Certification Form. If the borrower is seeking an alternative workout option such as a short sale or deed in lieu of foreclosure, the borrower must also provide a completed Borrower's Financial Disclosure for Mediation— Short Sale Form or Borrower's Financial Disclosure for Mediation—Deed in Lieu of Foreclosure Form, or both, as applicable. A Borrower's Financial Disclosure for Mediation—Short Sale Form and Borrower's Financial Disclosure for Mediation—Deed in Lieu of Foreclosure Form may be accessed on the RMFM Program's website at www.hillsbarfoundation.com and on the Thirteenth Judicial Circuit's webpage at www.fljud13.org/Forms.aspx.

(Emphasis added.) Thus, as described earlier, F&M made its request for information in a "Plaintiff's Certification Form," rather than as a normal request for production.

The uniform referral order entered in this case does not allow the Morejons to refuse to participate in mediation or to decline to produce documents if they do not want a workout option. Moreover, they can be sanctioned for failure to obey the order that is challenged in this proceeding.

### III. THE ORDER DEPARTS FROM THE ESSENTIAL REQUIREMENTS OF THE LAW

We are well aware of the large number of foreclosure cases pending in the circuit courts of the Second District. The need for special procedures and creative methods to resolve these cases is not something we wish to discourage. If homeowners wish to stay in their homes under modified mortgages or avoid possible deficiency judgments, cooperating with disclosure during mediation may often be a very prudent choice on their part. But in this case, the Morejons were compelled to produce recent financial information that was not relevant to F&M's complaint or designed to lead to evidence in that case. Even if we examine the Morejons' answer, which was filed later, we are unconvinced that this information could be discovered under the normal rules of discovery. The parties have not presented this court with any legal authority that would warrant this intrusion into the Morejons' current financial status at this stage in the foreclosure proceeding.

We are not confident that the briefing before this court is sufficient to determine whether special laws, regulations, or circumstances might justify the compelled production of at least some of these items. We quash the order on review

- 7 -

without prejudice to F&M's rights to seek normal discovery within the lawsuit or to establish its right to obtain specific items identified in its certification form.

The petition for writ of certiorari is granted.

CASANUEVA and BLACK, JJ., Concur.