STEVENSON, Judge.
The central issue of this appeal from the final judgment entered in a personal injury suit concerns the trial court’s post-verdict order permitting the defendant to setoff from the economic damages award owed to the plaintiff, Sheila Mikes, a portion of the settlement proceeds paid to her husband in satisfaction of his loss of consortium claim. Finding that the allowance of such a setoff was in error, we reverse.
Sheila and Robert Mikes, the appellants, filed a personal injury action following Sheila Mikes’ bicycle collision with another cyclist, Michael Emery. The appellants filed suit against both the City of Hollywood, whose maintenance vehicle was left on the bicycle path, and Emery. Prior to trial, the Mikes settled with Emery for $23,000 each. Following the trial against the City, the jury returned a verdict finding Emery 40% negligent, the City of Hollywood 40% negligent, and Sheila Mikes 20% comparatively negligent; the jury awarded Sheila Mikes $100,-000 ($60,000 economic damages and $40,000 noneconomic damages) and Robert Mikes $10,000 for his loss of consortium claim.
A post-trial hearing was held to determine what portion of the settlement with Emery should be setoff against Sheila Mikes’ economic damages award. At this hearing, the City argued that it was entitled to setoff from the economic damages award sixty percent of the entire amount that the Mikes had received from Emery (60% X $46,000 = $27,600) on the theory that the procedure adopted in Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249 (Fla.1995), for apportionment of settlement proceeds as between economic and noneconomic damages should be extended to apply to the apportionment of a settlement as between plaintiffs. The trial court accepted this argument and entered judgment in favor of Sheila Mikes in the amount of $36,400.[1]
In Dionese v. City of West Palm Beach, 500 So. 2d 1347 (Fla.1987), the supreme court considered the issue of allocation of settlement proceeds among plaintiffs. In that case, Patsy Dionese suffered personal injuries when the car in which she was riding *1383 struck a raised manhole cover. Following the accident, Patsy filed a personal injury action against several defendants. Her husband joined in the suit seeking damages for loss of consortium. Id. at 1348. Prior to trial, the Dioneses settled with the driver of the vehicle for $45,000. The settlement agreement, however, did not apportion the proceeds as between Patsy and her husband. The Dioneses proceeded to trial against the City of West Palm Beach and obtained a verdict of $57,000 for Patsy and $3,800 for her husband, after taking into account comparative negligence. At a post-trial hearing to determine the issue of setoff, the Dioneses informed the court that the two of them had entered into a unilateral agreement which apportioned $10,000 of the settlement proceeds to Patsy and $35,000 to her husband. Based upon this agreement, the Dioneses argued that the City was entitled to setoff only $10,000 from the $57,000 judgment.
On appeal, the supreme court rejected the Dioneses’ argument holding that
[A] private unilateral agreement among several plaintiffs to apportion funds paid by one joint tort-feasor is not binding upon the non-settling joint tort-feasors and the courts in determining the claim of the non-settling joint tort-feasors. Rather, an agreement to apportion the proceeds of a settlement agreement must he found on the face of the settlement agreement and agreed to by all of the parties involved in the settlement.
Id. at 1351 (emphasis added). The court further noted that to hold otherwise would discourage settlement and defeat Florida Statutes section 768.31(5), which provides that a joint tortfeasor who settles in good faith cannot later be sued by the remaining defendants for contribution.
The instant case involves precisely the method of apportionment advocated by the supreme court in Dionese. Here, two settlement agreements were executed: one between Sheila Mikes and Michael Emery and a second, separate agreement between Robert Mikes and Michael Emery. This is not the circumstance in Dionese where the two plaintiffs, without the consent of the settling defendant, agreed to an apportionment which could potentially subject the settling defendant to a claim for contribution based upon bad faith settlement. Rather, here, the settling defendant was a party to the apportionment. The apportionment of $23,000 to Sheila Mikes and $23,000 to Robert Mikes was clearly set forth on the face of the agreements, to both of which Emery was a party. Thus, the $23,000 that Robert Mikes received in settlement of his loss of consortium claim is not available to be used as a setoff against the economic damages award that the City of Hollywood owes his wife.
The supreme court’s subsequent decision in Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249 (Fla.1995), which held that the parties to a settlement agreement could not agree to apportion the proceeds as between economic and noneco-nomic damages and that such apportionment was to be in the same ratio as the jury verdict, does not require a contrary result. In its decision, the supreme court specifically recognized Dionese and found it to be distinguishable on the ground that the issue there was apportionment as between causes of action, not economic and noneconomic damages. Moreover, it was the absence of a check on the apportionment which concerned the Wells court. In contrast, by requiring the settling defendant to be a party to the apportionment of the settlement proceeds as between plaintiffs, an inherent check exists to ensure that such an apportionment is equitable in that the settling defendant has every incentive to require that the apportionment be fair to avoid contribution claims by non-settling defendants.
Accordingly, we reverse the trial court’s order and remand with instructions that the trial court enter final judgment in favor of Sheila Mikes, allowing the City of Hollywood a setoff of only $13,800.[2] The amount owed Robert Mikes is unaffected by this appeal.
Finally, we agree with appellants that the trial court erred in denying their motion for expert witness preparation costs incurred *1384 for an earlier scheduled trial date which was ultimately postponed due to the judge’s illness. In the cost order, the trial judge adopted a per se rule holding that “as a matter of law ... the plaintiffs are not entitled to recover expert costs related to preparation for trial on dockets not reached.”
Such a per se rule is flawed from a practical standpoint in that it punishes a plaintiff whose expert witness expends numerous hours in initial trial preparation, thus reducing the amount of repreparation required if the trial is subsequently delayed. Given this potential for an unjust result, we hold that the better approach is for the trial court to award the reasonable costs associated with expert witness preparation in light of all the facts and circumstances. Of course, the trial court should carefully scrutinize any such request for these costs to ensure that there is no unnecessary duplication of time or effort in preparation for the subsequent trial.
This approach is consistent with that set forth in section 2 of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, which provides that in awarding the costs charged by an expert witness for his or her trial preparation “[t]he Court should consider the nature of the expert testimony; whether or not the expert witness was really needed; [and] the entire facts and circumstances of the case....” Moreover, such an approach is in keeping with the purpose of cost awards.
Costs, a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to the litigation. The theory being that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim.
Otis Elevator Co. v. Bryan, 489 So.2d 1189, 1190 (Fla. 1st DCA 1986)(quoting Gordon Int’l Advertising, Inc. v. Charlotte County Land & Title Co., 170 So.2d 59, 61 (Fla. 3d DCA 1965)).
In light of the foregoing, we reverse the trial court’s order denying the appellants’ motion for costs to the extent that the motion sought compensation for expert witness preparation for trial dates not reached and remand with instructions that the trial court conduct a hearing so that it may determine, first, how many hours of initial preparation were reasonable, and, second, how many hours of re-preparation were necessary and reasonable in light of the hours already spent.
REVERSED and REMANDED.
GLICKSTEIN and STONE, JJ., concur.

. This figure was apparently reached using the following calculation:
Economic Damages verdict for Sheila Mikes $60,000
Sheila Mikes' comparative negligence (20%) - $12,000
Setoff for settlement (60% X $46,000) - $27,600
Economic Damages $20,400
City’s liability for noneconomic damages (40% X $40,000) + $16,000
Total Damages $36,400

. $13,800 represents 60% of Sheila Mikes’ $23,-000 settlement with Emery.