KELLY, Judge.
 

 Universal Property and Casualty Insurance Company (Universal) petitions for a writ of certiorari, requesting that this court quash the order compelling it to produce “underwriting guidelines, standards, policies and procedures regarding the issuance of homeowner’s policies to applicants with prior bankruptcies and regarding the obtaining of credit reports or other financial reports on policy applicants from 2004-2006.” Alternatively, Universal requests this court to limit production to materials relevant to the insurance company’s decision to issue a homeowner’s policy to respondent Porter P. Stark. Because Universal has not demonstrated irreparable harm, the petition is dismissed.
 

 In its petition, Universal concedes that the requested materials that were in effect for March 2004 are subject to produc
 
 *507
 
 tion, but it contends that the 2005 and 2006 materials are irrelevant and proprietary in nature and thus the trial court departed from the essential requirements of law when it ordered their production. Stark’s response states that he is no longer seeking production of the 2005 or 2006 underwriting guidelines, a position he communicated to counsel for Universal who apparently never responded to Stark’s letter.
 

 Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceeding in the trial court, effectively leaving no adequate remedy on appeal.
 
 See Allstate Ins. Co. v. Boecher,
 
 733 So.2d 993, 999 (Fla.1999). Universal has failed to demonstrate irreparable harm. Stark has abandoned any claim of entitlement to the materials that Universal seeks to shield, and in turn, Universal has abandoned its objection to producing the remaining materials. Even without these concessions, we would still conclude that Universal is not entitled to relief because it made no claim in the trial court that the materials at issue were proprietary. The perfunctory assertion of privilege in its petition to this court, which is without any factual support in the record, is too little, too late.
 

 Dismissed.
 

 DAVIS, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.