MORRIS, Judge.
A. Eric Anderson petitions for a writ of certiorari to quash the order denying his discovery request for settlement documents between nonparties to this appeal and Eleanor D. Vander Meiden, by her next friend, Nancy M. Duggan. Because the denial of the discovery request essentially eviscerates Anderson’s affirmative defense which he would be required to prove at a trial on damages, we grant the petition and quash the order below.
I. Facts
This case involves two trusts which Van-der Meiden established during her lifetime, Trust A and Trust B. In 2005, Van-der Meiden brought separate complaints against Anderson and the other nonparties for their alleged conduct in handling the Trusts, making distributions to her, and making various alleged misrepresentations.[1] In November 2009, partial summary judgment on the issue of liability was granted against Anderson.
Thereafter, Anderson sought discovery of the settlement documents between Van-der Meiden and the nonparties, alleging that they were relevant because the claims against the nonparties and Anderson arose out of the same conduct, to wit: the failure to fund Trust A. Thus, according to Anderson, any settlement amount between the nonparties and Vander Meiden would act as a setoff against damages which Anderson might be ordered to pay. After Vander Meiden filed her objections to the discovery, the trial court entered its order denying the discovery request.
*832 In the order, the trial court determined that the claims against the nonparties were different in nature than the claims against Anderson. The trial court also determined that there was no setoff in this ease for any settlement of Vander Meiden’s claims against the nonparties. It is this order which Anderson seeks to quash by writ of certiorari.[2]
II. Analysis
Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceeding in the trial court, effectively leaving no adequate remedy on appeal. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999).
Universal Prop. & Cas. Ins. Co. v. Stark, 8 So.3d 506, 507 (Fla. 2d DCA 2009). “Cer-tiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal.” Giacalone v. Helen Ellis Mem’l Hosp. Found., Inc., 8 So.3d 1232, 1234 (Fla. 2d DCA 2009); see also Am. S. Co. v. Tinter, Inc., 565 So.2d 891, 892-93 (Fla. 3d DCA 1990); Indus. Tractor Co. v. Bartlett, 454 So.2d 1067, 1067 (Fla. 5th DCA 1984).
However, when the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party’s claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings. See Bush v. Schiavo, 866 So.2d 136, 140 (Fla. 2d DCA 2004); Beekie v. Morgan, 751 So.2d 694, 698 (Fla. 5th DCA 2000); Criswell v. Best W. Int’l, Inc., 636 So.2d 562, 563 (Fla. 3d DCA 1994).
Giacalone, 8 So.3d at 1234-35 (footnote omitted).
Based on the specific facts of this case, we believe that Anderson has established irreparable harm. Sections 46.015(2) and 768.041(2), Florida Statutes (2008), provide that a party seeking a set-off must demonstrate at trial that he is entitled to a setoff based on the plaintiffs settlement or release with another individual or corporation. And here, that is exactly why Anderson requested the settlement documents. If Anderson is precluded from obtaining the settlement documents, he will be unable to prove that the claims Vander Meiden asserted against the nonparties arose out of the same injury as the claims made against Anderson. As a result, his affirmative defense of setoff will be eviscerated and he will be unable to meet the burden of proof required by sections 46.015(2) and 768.041(2).
We stress however that our determination of irreparable harm should be confined to the facts of this case. In no way do we intend to expand certiorari review to all orders denying discovery. We make an exception here because this is one of those rare instances in which a party’s defense will be eviscerated and there would be “no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings.” Giacalone, 8 So.3d at 1234-35. On direct appeal, Anderson would have the nearly impossible task of proving that the trial *833 court committed reversible, harmful error in denying a setoff because Anderson would have no proof that a setoff was required. Indeed, Anderson would not be able to make a good faith proffer of what the evidence would have shown because Vander Meiden asserted numerous claims in her complaint against the nonparties and any setoff argument would be based on mere speculation that the settlement was related to claims arising out of the same injury as the claims made against Anderson. We therefore hold that based on these facts, Anderson established irreparable harm for purposes of certiorari review.
We also hold that Anderson has proven that the trial court departed from the essential requirements of the law. “[T]he purpose of a setoff is to prevent a party from recovering twice for the same damages.” Blasland, Bouck & Lee, Inc. v. City of N. Miami, 283 F.3d 1286, 1295 (11th Cir.2002). “[Wjhen a party seeks recovery for the same injury in two separate lawsuits, a defendant in the second lawsuit is ‘entitled to a credit for any amount paid to the claimant in settlement for the injury.’ ” Id. (quoting Baudo v. Bon Secours Hosp./Villa Maria Nursing Ctr., 684 So.2d 211, 214 (Fla. 3d DCA 1996)). “This is true even when co-defendants are held liable for the same injury under different theories of liability.” Id. “[I]n cases in which a set off [sic] of the recovery in prior litigation is in order, the entire amount of the prior recovery must be [set off] against the current award, unless the release from the prior litigation specifically allocates sums among the various claims being settled.” Id.
In denying Anderson’s discovery request, the trial court determined that the claims between Vander Meiden and the nonparties were different than the claims against Anderson and, therefore, that no setoff was required. This was error. Although the claims may have been predicated on different theories of liability, at least some of the claims appear to be based on the same injury, the failure to properly fund Trust A.
The claims against Anderson relating to the failure to fund Trust A alleged that he breached his fiduciary duty by: (1) failing to explain that monies in Trust A would be reduced, (2) by funding Trust B, (3) by misrepresenting that Trust A was funded, and (4) by preventing distributions to both Trust A and Trust B. Vander Meiden also alleged that Anderson participated in a breach of trust with a codefendant by failing to recommend that Vander Meiden be given an accounting and by failing to respond to Vander Meiden’s questions. Finally, Vander Meiden alleged that Anderson interfered with her expected inheritance by failing to use the proper formula for a marital deduction under Trust A, by misrepresenting conflicting amounts in Trust A, and by failing to advise Vander Meiden that she had the right to divide assets into Trust A and Trust B.
The claims against the nonparties which appear to this court to relate to the failure to fund Trust A included allegations that: (1) the nonparties failed to properly investigate the distribution of assets into Trust B, (2) the nonparties willfully assisted in the diversion of trust assets into Trust B, (3) and the nonparties concealed the non-funding of Trust A.
After Anderson receives the settlement documents, he might discover that the settled claims were based on different injuries than the claims made against him. In that case, no setoff would be required. See Blasland, Bouck & Lee, Inc., 283 F.3d at 1295. But if the settled claims did, in fact, arise from the failure to fund Trust A, Anderson would be entitled to a setoff against the damages he is obligated to pay. *834 Consequently, we hold that the trial court’s order departed from the essential requirements of the law and caused Anderson material injury for which there is no remedy on appeal.
Petition for writ of certiorari granted; order quashed.
WHATLEY and SILBERMAN, JJ., Concur.

. Vander Meiden died in April 2010, and her daughter, Ms. Duggan, was substituted as the plaintiff.

. The order also denied Anderson’s motion for summary judgment and granted the substitution of Ms. Duggan as the plaintiff. However, die only issue raised in this proceeding is the denial of the discovery request.