PER CURIAM.
Wal-Mart Stores, Inc. petitions for a writ of certiorari, seeking review of an order denying discovery of the settlement amounts the plaintiffs received from other co-defendants.
Plaintiffs were involved in an auto accident that was allegedly caused by tire failure. They sued the car manufacturer, the tire manufacturer, the car dealer, and Wal-Mart (the tire dealer/installer/servi-cer). Following mediation, three of the defendants entered separate confidential settlement agreements. Wal-Mart is the only remaining defendant.
In answer to the complaint, Wal-Mart raised an affirmative defense of set-off. In support of this defense, Wal-Mart requested the amounts of each settlement agreement, and the car manufacturer objected. Following hearings and supplemental memoranda, the trial court denied Wal-Mart’s motion to compel discovery. The court agreed with the tire manufacturer that the 2006 amendments to section 768.81, Florida Statutes, which abolished joint and several liability for economic damages, effectively abolished the right of a remaining defendant to seek a set-off. The court concluded that, following the abolition of joint and several liability, the settlement amounts are no longer relevant.
*1054 The denial of discovery is generally not renewable by certiorari. Power Plant Entm’t, LLC v. Tramp Hotels & Casino Resorts Dev. Co., 958 So.2d 565, 567 (Fla. 4th DCA 2007); see also Romanos v. Caldwell, 980 So.2d 1091, 1092 (Fla. 4th DCA 2008). In this petition, however, Wal-Mart asserts that certiorari is the appropriate remedy because it will suffer material irreparable harm without any alternative evidence to prove its entitlement to a set-off at trial. Wal-Mart contends that the trial court’s order denying the discovery request effectively abrogates its set-off defense and deprives it of any practical way to determine after a judgment how the requested discovery would have affected the outcome of the proceedings.
In arguing that it is irreparably harmed, Wal-Mart relies on Anderson v. Vander Meiden ex rel. Duggan, 56 So.3d 830 (Fla. 2d DCA 2011). In Anderson, the beneficiary of trusts brought separate complaints against the defendant and other nonparties alleging mishandling of the trusts. After settling claims against nonparties, the defendant sought discovery of the settlement documents, asserting that any settlement amount between the nonparties and beneficiary would act as a set-off against damages which defendant might be ordered to pay. The trial court denied the discovery request, whereupon the defendant sought relief by a petition for writ of certiorari. The Second District granted the petition, reasoning that the defendant needed the settlement documents to prove whether the claims the beneficiary asserted against the nonparties arose out of the same injury as the claims made against the defendant. Without those documents, the court concluded, the defendant’s affirmative defense of set-off would be eviscerated and he would be unable to meet his burden of proof required by Florida Statutes sections 46.015(2) and 768.041(2). Id. at 832.[1]
Unlike the defendant in Anderson, Wal-Mart is seeking discovery of the settlement amounts, not discovery to ascertain whether the settled claims arose from the same injury. Here, it is undisputed that all of the claims in this case relate to the auto accident and arise from the same injuries. Wal-Mart cannot show that discovery of the settlement amounts is necessary to determine entitlement to set-off; it has not shown that the denial of this discovery will eviscerate its defense. At trial, Wal-Mart can ask the fact-finder to determine its percentage of fault. It does not need the settlement information to show that the claims arise from the same injury. The settlement information is not admissible or likely to lead to the discovery of admissible information.
Even if the trial court erred in concluding that Wal-Mart is not entitled to a set-off as a matter of law, Wal-Mart has an adequate remedy on appeal. The alleged error is based on a question of law, not unknown facts as in Anderson. If on appeal Wal-Mart is determined to be entitled to a set-off, the case can be remanded for the trial court to allow discovery of the settlement amounts and to set-off these amounts from the final judgment.
Because Wal-Mart has not shown that the discovery order departed from the essential requirements of law and caused Wal-Mart any irreparable harm that cannot be remedied on appeal, we dismiss the petition. See Bared & Co., Inc. v. *1055 McGuire, 670 So.2d 15B (Fla. 4th DCA 1996).

Petition Dismissed.

GROSS, TAYLOR and CONNER, JJ., concur.

. Anderson does not address section 768.81 and the 2006 amendments. Wal-Mart also relies on W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc., 35 So.3d 79, 83 (Fla. 4th DCA 2010), which does not address section 768.81. Our records reflect the action in W &W Lumber arose prior to 2006 and would not have been affected by the statutory amendments.