WALLACE, Judge.
The Petitioner, John M. Ryan, seeks review by certiorari of the circuit court’s order compelling him to produce his personal financial records in response to a request for production made by the Respondent, Landsource Holding Company, LLC. The circuit court’s order departs from the essential requirements of the law and causes irreparable harm to Mr. Ryan by directing him to produce personal financial records that are irrelevant to any issues in the pending litigation, thereby violating his right to privacy. Accordingly, we grant the writ and quash the order under review.
I. THE FACTS AND PROCEDURAL BACKGROUND
Landsource Holding brought an action for damages against Mr. Ryan based on his alleged breach of a note and modification agreement.[1] Mr. Ryan raised numerous affirmative defenses to the action, including the defense of anticipatory repudiation of the contract. Later, Land-source Holding served a third request for production on Mr. Ryan asking him to produce “[a]ll documents that demonstrate your financial status, viability, and assets, including but not limited to your financial ability to make the payments] due under the Note on May 31, 2008[, August 31, 2008, and November 30, 2008].” Mr. Ryan objected to the requested production on the grounds that the information sought “is irrelevant and is not likely to lead to the discovery of admissible evidence and seeks information and documents that contain [Mr. Ryan’s] confidential financial information protected by the constitutional right of privacy.” In the order under review, the circuit court directed Mr. Ryan to “produce documents that are responsive to [the] Third Request for Production of documents within twenty (20) days of the date of this Order.” Mr. Ryan timely filed his petition for certiorari seeking review of the order.[2]
II. FRAMING THE ISSUE
To be entitled to certiorari review, Mr. Ryan must establish that in entering the subject order, the circuit court departed from the essential requirements of the law, resulting in material injury affecting the remainder of the proceedings below, and that the injury cannot be corrected on plenary appeal. See Rappoport v. Mercantile Bank, 17 So.3d 902, 905 (Fla. *767 2d DCA 2009); State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 635 (Fla. 2d DCA 2008). The latter two elements are jurisdictional, and the first element addresses the merits of the petition. O’Hearn, 975 So.2d at 635.
“[Personal finances are among those private matters kept secret by most people.” Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985)). The right of privacy set forth in article 1, section 23, of the Florida Constitution “undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues.” Id. at 1036. It follows “that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.” Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002).
Rappaport, 17 So.3d at 906 (emphasis added); see also Diaz-Verson v. Walbridge Aldinger Co., 54 So.3d 1007, 1009 (Fla. 2d DCA 2010) (noting that the disclosure of personal financial information may cause irreparable harm when a person is compelled to disclose it and the information is not relevant to the proceedings at issue).
Mr. Ryan asserts that the personal financial information that the circuit court ordered him to produce is not relevant to the issues in the underlying proceeding. In addition, if the circuit court requires Mr. Ryan to disclose the requested information to Landsource Holding, a subsequent appeal cannot correct the intrusion into his privacy. Accordingly, Mr. Ryan has established the jurisdictional requirements for certiorari review. Thus we now turn to the merits of his petition.
Landsource Holding argues that Mr. Ryan’s personal financial information is relevant to his affirmative defense of anticipatory breach on its breach of contract claim against him. Under that defense, Mr. Ryan asserts that he was relieved of his contractual obligations to Landsource Holding because of its anticipatory breach of the agreement. Landsource Holding argues that to prevail on this affirmative defense, Mr. Ryan must establish his ability to perform by making the required payments under the agreement. Landsource Holding concludes, that for this reason, Mr. Ryan’s personal financial information is relevant to determining his ability to make the payments required under the agreement.
In response, Mr. Ryan argues that because he is asserting anticipatory breach as an affirmative defense and is not pursuing a claim for damages, he is not required to establish his ability to perform under the contract. Accordingly, his personal financial information is not relevant. And, the circuit court departed from the essential requirements of the law by requiring him to produce personal financial information in violation of his right of privacy. We agree with Mr. Ryan that he is not required to establish his ability to perform under the subject agreement to be relieved of his contractual obligations based upon Landsource Holding’s alleged anticipatory breach. Thus his personal financial information was not relevant to his affirmative defense.
III. DISCUSSION
“If one party to an agreement has breached the agreement, the other party’s failure to continue with the agreement is not considered a default of the contract.” Jones v. Warmack, 967 So.2d 400, 402 (Fla. 1st DCA 2007). The same holds true when one party to an agree *768 ment commits an anticipatory breach. If such a breach occurs, then the nondefault-ing party is relieved of its obligations under the contract. Id.; see also Fabel v. Masterson, 951 So.2d 934, 936 (Fla. 4th DCA 2007) (“It is axiomatic that the anticipatory breach of a contract by one party excuses contractual compliance by the other.”); Saunders Leasing Sys., Inc. v. Gulf Cent. Distrib. Ctr., Inc., 513 So.2d 1303, 1307 (Fla. 2d DCA 1987) (holding that the defendant in an action for breach of contract was discharged from its obligations under the contract because of the plaintiffs anticipatory breach).
To be sure, as Landsource Holding argues, a party’s anticipatory repudiation of a contract alone does not entitle the nonbreaching party to damages. To be entitled to damages based upon an anticipatory breach, the nonbreaching party must establish its ability to perform at the time of the breach. Hosp. Mortg. Grp. v. First Prudential Dev. Corp., 411 So.2d 181, 182-83 (Fla.1982); see also Craigside, LLC v. GDC View, LLC, 74 So.3d 1087, 1090 (Fla. 1st DCA 2011) (quoting Restatement (Second) of Contracts § 253 (1979)). The rationale for this rule is that “[t]he holder of the duty based upon a condition precedent cannot profit from an anticipatory repudiation of a contract that he would have breached himself.” Hosp. Mortg. Grp., 411 So.2d at 183.
Landsource Holding’s argument overlooks the distinction between asserting anticipatory breach as a defense to a claim for breach of contract and asserting anticipatory breach as a basis for the recovery of damages. When anticipatory breach is asserted as a defense, the proponent is attempting to establish that his own performance under the contract was excused and thus he is not in default. But when anticipatory breach is asserted as the basis for affirmative relief, the proponent is seeking to recover damages from the party allegedly in breach of the contract. In the latter situation, the party seeking affirmative relief cannot establish that the repudiating party’s breach caused him damages unless he proves that he would have been able to perform the contract if the repudiating party had not breached it.
For example, in Saunders, this court reversed a judgment against Saunders Leasing System, Inc., in an action brought against it by Gulf Central Distribution Center, Inc., for the breach of a leasing agreement. 513 So.2d at 1307. We concluded, in part, that Saunders had established that its performance under the subject contract was excused based upon Gulf Central’s anticipatory breach. Id. Therefore, Gulf Central could not prevail on its breach of contract claim against Saunders because Gulf Central had breached the agreement first. But we affirmed the judgment against Saunders on its counterclaim for damages against Gulf Central based on Gulf Central’s anticipatory breach because the jury had rejected Saunders’ proof of its ability to perform the contract at the time of the breach. Id. Accordingly, while Saunders was required to establish its ability to perform the contract in order to prevail on its counterclaim for damages based upon the anticipatory breach, it was not required to do so to prevail on its affirmative defense that the anticipatory breach relieved it of its obligation to perform under the agreement.
In this case, Mr. Ryan has not asserted a claim for damages against Landsource Holding based on its alleged anticipatory breach. Instead, Mr. Ryan is claiming that Landsource Holding’s alleged breach excused his own performance and that Landsource Holding is not entitled to prevail on its claim against him. If Mr. Ryan establishes that Landsource Holding anti-cipatorily breached the agreement, then that anticipatory breach would excuse Mr. *769 Ryan’s further performance under the contract. The question of Mr. Ryan’s ability to perform under the contract is not relevant to the merits of his defense of anticipatory breach to Landsource Holding’s damages claim. Because Mr. Ryan need not establish his ability to make payments under the contract to prevail on his defense of anticipatory breach, his personal financial information is not currently relevant to any issue in the litigation. Thus the trial court departed from the essential requirements of the law in compelling him to produce his personal financial information to Landsource Holding.
IV. CONCLUSION
Because Mr. Ryan’s personal financial information is not presently relevant to any issue in the underlying proceedings, the circuit court departed from the essential requirements of the law by ordering him to produce such information to Land-source Holding in response to its third request for production. Accordingly, we grant the petition for writ of certiorari and quash the order under review as it relates to Mr. Ryan.
Petition granted; order quashed.
KELLY and KHOUZAM, JJ., Concur.

. In the underlying matter, Whitney National Bank sued Mr. Ryan; Forest Brooke/Hillsbor-ough, LLC; and Landsource Holding, among others, in a mortgage foreclosure action. Landsource Holding filed counterclaims against Mr. Ryan and Forest Brooke. The parties to the original foreclosure action entered into an agreed final judgment in favor of Dune FB Debt LLC, the successor in interest to Whitney National, and Landsource Holding’s claims against Mr. Ryan and Forest Brooke are the only claims remaining in the underlying matter.

. In the order under review, the circuit court also directed another entity, Forest Brooke/Hillsborough, LLC, to produce its financial records for inspection by Landsource Holding. However, Forest Brooke/Hillsbor-ough, LLC, has not sought review of the order.