NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WAYNE ALLEN and SUSAN ALLEN,          )
                                      )
          Petitioners,                )
                                      )
v.                                    )          Case No. 2D15-3114
                                      )
STATE FARM FLORIDA INSURANCE          )
COMPANY,                              )
                                      )
          Respondent.                 )
_____)

Opinion filed June 10, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; Kimberly Sharpe,
Judge.

George A. Vaka and Richard N. Asfar of
Vaka Law Group, P.L., Tampa, and
Kenneth C. Thomas and Barbara M.
Hernando of Marshall Thomas P.L.,
Tampa, for Petitioners.

Scot E. Samis of Traub Lieberman Straus
& Shrewsberry LLP, St. Petersburg, for
Respondent.

SILBERMAN, Judge.

          In this breach of contract action resulting from a sinkhole loss, Wayne and

Susan Allen filed a two-count complaint against State Farm Florida Insurance Company

and Federal Insurance Company.  The Allens entered into a settlement with Federal,

and Federal was dismissed with prejudice from this lawsuit.  The Allens seek certiorari review of a discovery order that requires them to disclose their financial information regarding the settlement agreement the Allens reached with Federal.  Disclosure of the settlement agreement containing financial information is premature when State Farm's liability has not been established and is a departure from the essential requirements of law that causes irreparable harm.  Thus, we grant the petition and quash the discovery order.

The Allens' home was insured under a State Farm homeowners' policy from April 4, 2010, to April 4, 2011, and under a Federal homeowners' policy from April 4, 2011, to April 4, 2012.  In January 2011, the Allens noticed what they believed to be normal settlement damage to their home.  In September 2011, they noticed more significant damage to their home and filed a sinkhole claim with Federal.  Federal denied the claim as preexisting and recommended that the Allens submit a claim with their prior insurer, State Farm.  The Allens filed a claim with State Farm, and it denied the claim for an alleged failure to comply with the policy's obligation of immediate notice.

As a result, the Allens filed their complaint alleging breach of contract against Federal in count one and breach of contract against State Farm in count two.  The Allens subsequently entered into a confidential settlement agreement with Federal as to count one, and the trial court dismissed the action as to Federal with prejudice.

State Farm later filed a motion to compel disclosure of the settlement agreement between the Allens and Federal, and the Allens filed a motion for protective order.  At a hearing on the motions, the Allens argued that a settlement agreement cannot be used to determine liability.  The Allens argued, among other things, that

disclosure was premature when State Farm was not conceding liability, and that if a verdict were entered and liability were established, "arguably it could be relevant at that point."

State Farm asserted that if "the parties do try to enter into settlement negotiations, it would be helpful for State Farm to know how much has actually been paid already, so it can evaluate how much, if any, it is willing to pay or what would be required to pay."  The trial court found the settlement agreement "relevant to this case" and allowed the discovery.

To be entitled to certiorari relief from a discovery order, the trial court's ruling must be a departure from the essential requirements of law that causes material injury for the remainder of the proceedings that cannot be remedied on postjudgment appeal.  Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 457 (Fla. 2012); Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995); Ryan v. Landsource Holding Co., LLC, 127 So. 3d 764, 766 (Fla. 2d DCA 2013). We address the second two elements, which are jurisdictional, and then address the merits of whether the ruling was a departure from the essential requirements of law. See Ryan, 127 So. 3d at 767.

**1.  Irreparable Harm**

Discovery of "cat out of the bag" material such as information that is protected by privilege, work product, or trade secrets may cause irreparable injury if disclosed.  Langston, 655 So. 2d at 94.  Article I, section 23, of the Florida Constitution protects the right to privacy, and a person's financial information is among the material protected by that right to privacy.  Ryan, 127 So. 3d at 767; Rowe v. Rodriguez-

Schmidt, 89 So. 3d 1101, 1103-04 (Fla. 2d DCA 2012). A person may suffer irreparable harm if forced to disclose personal financial information when the information is not relevant to the case. Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003). The "courts will compel production of personal financial documents and information if shown to be relevant by the requesting party" to "the disputed issues of the underlying action." Id. State Farm does not dispute that if discovery of private financial information is allowed when the information is irrelevant to the case, then certiorari jurisdiction is appropriate. The disclosure of the Allens' private financial information at issue, the financial terms of their confidential settlement agreement with Federal Insurance, meets the test of irreparable harm if the compelled disclosure was a departure from the essential requirements of the law.

**2. Departure from the Essential Requirements of Law**

A civil litigant may discover information that is relevant to the subject matter of the pending action; that information "must be admissible or reasonably calculated to lead to admissible evidence." Langston, 655 So. 2d at 94; see also Fla. R. Civ. P. 1.280(b)(1). State Farm, as the party seeking the discovery, had the burden to show that the amount of the settlement was admissible or reasonably calculated to lead to admissible evidence. See Rowe, 89 So. 3d at 1103. State Farm argues that disclosure is warranted to avoid a double recovery and for purposes of its setoff defense. State Farm also argues that it needs to know the amount of the settlement to aid it in assessing its settlement options.

But knowing the amount of the settlement would not necessarily inform State Farm of the precise amount of damages Federal paid or establish the amount of

damages to which State Farm was exposed. A settlement amount is a contractual estimate of liability that includes damages along with "the value of avoiding the risk and expense of trial." D'Angelo v. Fitzmaurice, 863 So. 2d 311, 318 (Fla. 2003) (quoting Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc., 659 So. 2d 249, 252 (Fla. 1995)). In addition, State Farm is denying liability, and a setoff, if any, would not come into play until the jury found State Farm liable and determined the amount of damages. Any setoff argument would be presented to the trial court after the verdict. See § 46.015(2), Fla. Stat. (2014). The statute prohibits informing the jury of a release or that any person has been dismissed because of such release. § 46.015(3); see also Holmes v. Area Glass, Inc., 117 So. 3d 492, 494-95 (Fla. 1st DCA 2013) (recognizing in a negligence action that disclosure to the jury of settlement or dismissal of a defendant is prohibited).

Thus, where the liability of State Farm has not been established, it is premature to disclose the settlement when it is not admissible in evidence and would not lead to admissible evidence as to liability. See Schlesinger v. Schlesinger, 186 So. 3d 618 (Fla. 3d DCA 2016) (determining that discovery by the decedent's widow of the bank records belonging to the decedent's former wife was premature when it had not yet been determined whether the widow was entitled to an accounting from her husband's estate or whether the widow could recover any payments made to the former wife). If State Farm is found not liable, then there will be no need to disclose the settlement at all.

State Farm also argues that it needs the settlement information to allow it to strategize its settlement options. But the purpose of discovery is to obtain admissible evidence or information reasonably calculated to lead to admissible evidence. Aiding

State Farm with its potential settlement strategy and ability to negotiate a favorable settlement with the homeowners does not appear reasonably calculated to lead to admissible evidence.[1]

In <u>Anderson v. Vander Meiden ex rel. Duggan</u>, 56 So. 3d 830, 831 (Fla. 2d DCA 2011), upon which State Farm relies, this court determined that the denial of a discovery request for settlement documents regarding nonparties effectively eviscerated the affirmative defense of setoff and warranted certiorari relief. There, however, a partial summary judgment on liability had already been granted against the defendant. <u>Id.</u> Here, no determination of liability has been made as to State Farm.

And in <u>Wal-Mart Stores, Inc. v. Strachan</u>, 82 So. 3d 1052, 1054 (Fla. 4th DCA 2011), the appellate court distinguished <u>Anderson</u>. In <u>Wal-Mart Stores</u>, the defendant was seeking discovery of confidential settlement amounts the plaintiff received from prior codefendants rather than discovery to determine whether the settled claims arose from the same injuries incurred in an auto accident. <u>Id.</u> at 1053-54. The court concluded that because the fact-finder could determine the defendant's percentage of fault and because the defendant could not show that discovery of the settlement amounts was necessary to determine entitlement to setoffs, the settlement information was not admissible or likely to lead to the discovery of admissible evidence. <u>Id.</u> at 1054. Thus, the circuit court's order denying the discovery did not eviscerate the defense and did not depart from the essential requirements of law. <u>Id.</u>

---

[1]Indeed, the Allens suggest that the information would enable State Farm to "play hardball" instead of entertaining reasonable settlement attempts.

- 6 -

Because State Farm did not establish that the settlement amount with Federal was relevant to defending its liability and the jury's determination of damages, it was a departure from the essential requirements of law to order the disclosure at this point in the litigation.  Therefore, we grant the petition for writ of certiorari and quash the discovery order that requires the Allens to disclose financial information regarding the settlement agreement.

Petition granted and order quashed.


LaROSE and LUCAS, JJ., Concur.