# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1153
Lower Tribunal No. 19-4213
_____

**American Prime Title Services, LLC,**
Petitioner,

vs.

**Zhi Wang, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Waugh Law, P.A., and Morgan L. Fayocavitz, and Christian W. Waugh (Orlando), for petitioner.

Payton & Associates, LLC, and Harry A. Payton, and Susan M. Mohorcic, for respondent Zhi Wang.

Before SCALES, MILLER, and GORDO, JJ.

MILLER, J.

Petitioner, American Prime Title Services, LLC, seeks certiorari review of a lower court order denying a motion to compel the disclosure of any settlement agreements executed between respondent, Zhi Wang, and others in the proceedings below. In the instant petition, American Prime asserts the trial court effectively eviscerated its affirmative defense of setoff by denying it access to the settlement amounts prior to a finding of liability. At this juncture, because the record fails to demonstrate the requisite harm irremediable on plenary appeal to support relief in certiorari, we dismiss.

**BACKGROUND**

In 2017, Wang contracted to sell his Miami condominium unit to Sadie Bofill and Orlando Rodriguez. In the days leading up to the closing, Wang's attorney and the title company, Capital Title Group, Inc., were unwittingly deceived by an electronic impersonation attack. As a result, the funds advanced for the purchase price of the condominium were wired to a fraudulent account and never recovered.

Wang filed a lawsuit, grounded in negligence, against American Prime, acting as settlement agent in the transaction, Capital Title, and his attorney and her law firm, and, for breach of contract, against the buyers, seeking to recoup the intercepted monies. In his complaint, Wang initially alleged joint and several liability against American Prime and Capital Title, but, upon

American Prime's motion, the trial court struck this theory of liability, determining, instead, that fault would be apportioned among the parties.

Wang settled his claims against his attorney, her law firm, and Capital Title and then amended the complaint to add a claim for attorney's fees, leaving only the buyers and American Prime as active defendants. Thereafter, American Prime sought production of the settlement amounts. Wang objected, asserting the amounts were confidential and irrelevant. American Prime subsequently answered the amended complaint, alleging a litany of affirmative defenses, including setoff, and formally moved to compel the settlement agreements, prior to a finding of liability.

Following a duly noticed hearing, the lower court denied the motion, without prejudice, finding, "[o]nce liability is determined as to [American Prime] the court will review the matter upon motion and notice of hearing." This petition ensued.

**STANDARD OF REVIEW**

"Common law certiorari lies at the appellate margin, functioning as a safety net for matters that otherwise would fall through the gaps in Florida's appellate system." Matthew J. Conigliaro, The Continuing Story of Certiorari, 83 Fla. B.J. 38, 38 (2009) (citation omitted). "The judicial policy in favor of limited certiorari review is based on the notion that piecemeal review of

3

nonfinal trial court orders will impede the orderly administration of justice and serve only to delay and harass." Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998) (citing William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U. Fla. L. Rev. 207, 222 (1977)).

Accordingly, "[c]ertiorari is an extraordinary remedy that is available only in limited circumstances." Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016). It "is warranted when a nonfinal order: (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." A.H. v. Dep't of Child. & Fams., 277 So. 3d 704, 706-07 (Fla. 3d DCA 2019) (citing Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017)). "The first two prongs of the analysis are jurisdictional." Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 62 (Fla. 3d DCA 2019) (citation omitted). "If the jurisdictional prongs of the standard three-part test are not fulfilled, then the petition should be dismissed" as certiorari does not lie. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995). This well-established principle compels our decision today.

**LEGAL ANALYSIS**

Because the scope, sequence, and timing of discovery are conducted under the able supervision of the lower tribunal, a great deal must, of

4

necessity, be left to its sound discretion. Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 193 (Fla. 2003). Further, any abuse of discretion in refusing to compel discovery is ordinarily rectifiable upon plenary appeal. Ruiz v. Steiner, 599 So. 2d 196, 197 (Fla. 3d DCA 1992); see also Palmer v. WDI Sys., Inc., 588 So. 2d 1087, 1088 (Fla. 5th DCA 1991). Consequently, "certiorari relief is an 'extremely rare' remedy that will be provided in 'very few'" such cases. Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 455 (Fla. 2012) (citation omitted); see Power Plant Ent., LLC v. Trump Hotels & Casino Resorts Dev. Co., LLC, 958 So. 2d 565, 567 (Fla. 4th DCA 2007); Neeley v. CW Roberts Contracting Inc., 948 So. 2d 844, 844 (Fla. 1st DCA 2007); Duran v. MFM Grp., Inc., 841 So. 2d 500, 501 (Fla. 3d DCA 2003).

One exceedingly narrow exception to the general rule exists where "the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim, defense, or counterclaim." Westerbeke Corp. v. Atherton, 224 So. 3d 816, 821 (Fla. 2d DCA 2017) (quoting Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009)). Under these particular circumstances, certiorari relief is appropriate because the harm "is not remediable on appeal [since]

5

there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings." Giacalone, 8 So. 3d at 1234-35 (citations omitted).

In the instant petition, American Prime contends this exception applies, because the denial of discovery of the settlement amounts wholly eviscerates its affirmative defense of setoff. Under Florida law, setoff is statutorily circumscribed. See § 46.015(2), Fla. Stat. (2020); see also §768.041(2), Fla. Stat. (2020); § 768.31(5)(a), Fla. Stat. (2020). The setoff statutes are designed to "prevent an award of double damages." Acadia Partners, L.P. v. Tompkins, 759 So. 2d 732, 739 (Fla. 5th DCA 2000). Thus, their application "presupposes the existence of multiple defendants jointly and severally liable for the same damages." McCalla v. E.C. Kenyon Constr. Co., Inc., 183 So. 3d 1192, 1197 (Fla. 1st DCA 2016) (quoting D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003)).

Against this background, we turn our attention to the procedural aspects of the relevant setoff statutes. Section 768.041(2), Florida Statutes, provides, in pertinent part:

> At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff

6

would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.

Similarly, section 46.015(2), Florida Statues, contains the following provision:

At trial, if any person shows the court that the plaintiff, or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment.

Significantly, both statutes concurrently prohibit "the admission at trial of any evidence of settlement or dismissal of a defendant." Holmes v. Area Glass, Inc., 117 So. 3d 492, 494 (Fla. 1st DCA 2013). Our high court has determined this unambiguous prohibition "admits no exceptions, and violation of [it] . . . is reversible error." Id. at 494 (citing Saleeby v. Rocky Elson Constr., Inc., 3 So. 3d 1078, 1080 (Fla. 2009)).

In reconciling these two seemingly competing provisions, trial courts defer claims of setoff predicated upon settlement as unripe until such time as liability has been found, but before judgment is rendered. See Allen v. State Farm Fla. Ins. Co., 198 So. 3d 871, 874 (Fla. 2d DCA 2016) ("[A] setoff, if any, would not come into play until the jury found State Farm liable and determined the amount of damages."); Anderson v. Vander Meiden ex rel. Duggan, 56 So. 3d 830 (Fla. 2d DCA 2011) (finding that where liability had

7

been established settlement documents were discoverable); see also Dionese v. City of W. Palm Beach, 500 So. 2d 1347, 1348 (Fla. 1987) ("A post-trial hearing was held to determine the proper method of set-off as required by section 768.041(2), Florida Statutes."); Addison Constr. Corp. v. Vecellio, 240 So. 3d 757, 768 (Fla. 4th DCA 2018) (acknowledging setoff is part of post-judgment proceedings as "[i]f courts were required to delve into the scope of undifferentiated settlement agreements for the purposes of making a setoff determination, then post-judgment proceedings would turn into a second trial"); Nationsbank, N.A. v. KPMG Peat Marwick LLP, 813 So. 2d 964, 965 (Fla. 4th DCA 2002) (noting the "court adjusted the jury's award with setoffs" after trial); Anderson v. Ewing, 768 So. 2d 1161, 1166 (Fla. 4th DCA 2000) (stating appellant should have requested a setoff in his post-trial motion); Mikes v. City of Hollywood, 687 So. 2d 1381, 1383 (Fla. 4th DCA 1997) (describing the issue of setoff was determined during a post-trial hearing).  Indeed, as was observed by our sister court in Felgenhauer v. Bonds, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004), setoff "is a determination regarding damages to be made by the court after the verdict is rendered." (Citation omitted).

Here, the trial court was charged with carefully weighing the public interest in protecting the confidentiality of the settlement process against the

8

countervailing need for disclosure, given the procedural posture of the dispute. The case remains in its infancy and American Prime has not yet been found liable. Evincing a comprehensive understanding of the intricacies of the setoff statutes, the court penned a crucial caveat in the challenged order, inviting the parties to relitigate the disclosure of the settlement amounts following a finding of liability. This passage, demonstrating "the epitome of the exercise of judicial discretion," indubitably paves the way for future litigation regarding the amounts after liability is found but before damages are determined. State v. Moss, 194 So. 3d 402, 409 (Fla. 3d DCA 2016) (Shepherd, J., dissenting). Further, any error associated with the timing and sequencing of discovery is subject to plenary review.

Given these circumstances, we conclude American Prime has failed to make a threshold showing of harm irremediable on appeal. Thus, restrained by our scope of review, we dismiss the petition for lack of jurisdiction. [1]

Petition dismissed.

GORDO, J., concurs.

---

[1] In the absence of irreparable harm, we decline to address the substantive issues raised in the dissent. See PDK Labs., Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J. concurring) ("[I]f it is not necessary to decide more, it is necessary not to decide more.").

**AMERICAN PRIME TITLE SERVICES, LLC V. WANG, 3D20-1153**

SCALES, J. (dissenting)

I respectfully dissent because I would deny, rather than dismiss, American Prime Title Services, LLC's ("American Prime") petition for writ of certiorari. The trial court's discovery order prevents American Prime access to the settlement information regarding the settlements reached between plaintiff Zhi Wang and American Prime's co-defendants in this action. I am persuaded that the order eviscerates American Prime's affirmative defense of setoff, resulting in irreparable harm to American Prime that cannot be remedied on plenary appeal. Nevertheless, because the trial court relied upon binding precedent in entering the discovery order, see Allen v. State Farm Florida Insurance Co., 198 So. 3d 871 (Fla. 2d DCA 2016), the trial court did not depart from the essential requirements of the law. I would, however, certify conflict with Allen as well as a case relied upon by the Allen court, Wal-Mart Stores, Inc. v. Strachan, 82 So. 3d 1052 (Fla. 4th DCA 2011).

## I. RELEVANT BACKGROUND, THE TRIAL COURT ORDER, AND THE MAJORITY OPINION

Wang sued a multitude of defendants, alleging that the defendants were negligent in allowing a thief to steal the purchase money the buyer had

paid for Wang's property. Wang's damages (alleged in his amended complaint to be $158,508.99) are fixed, liquidated and entirely economic in nature.[2] Wang settled with most of the defendants, leaving American Prime, the transaction's settlement agent, as the lone defendant. Notwithstanding American Prime's affirmative defense alleging entitlement to a setoff – for the amounts the settling defendants paid to Wang for the same negligence claim pending against American Prime below – the trial court, relying upon Allen, denied American Prime's motion to compel Wang to produce the settlement information.

In determining that the subject discovery order does not meet the jurisdictional threshold for granting certiorari relief, the majority cites the three substantive statutes – quoting two of them – that expressly provide American Prime with a right to a setoff. Majority Opinion at *6-7. Yet, the majority reasons that "any error associated with the timing and sequencing of discovery is subject to plenary review." Id. at *9. Specifically, both because the case is in its infancy and the trial court's discovery order states that it will

---

[2] Because the defendants' acts are alleged to have caused Wang to suffer a single injury – i.e., the theft of sales proceeds to which Wang was entitled – the defendants are "joint tortfeasors." Grobman v. Posey, 863 So. 2d 1230, 1234 (Fla. 4th DCA 2003). Because the damages allegedly suffered by plaintiff are definite, pecuniary losses, they are "economic damages." Alvarez v. All Star Boxing, Inc., 258 So. 3d 508, 512 (Fla. 3d DCA 2018).

11

revisit the setoff issue after liability is determined at trial, the majority concludes that American Prime has suffered no irreparable harm, and dismisses the petition for lack of jurisdiction. Id. I view the case somewhat differently.

## II.   ANALYSIS

### A. *The Setoff Defense and Irreparable Harm*

As the majority notes, three Florida statutes provide non-settling defendants with the substantive right to have deducted from any judgment entered against them, the amount paid by settling defendants for the same claim made against the non-settling defendants:

- "At trial, if any person shows the court that the plaintiff . . . has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment." § 46.015(2), Fla. Stat. (2020).

- "At trial, if any defendant shows the court that the plaintiff . . . has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly." §768.041(2), Fla. Stat. (2020).

- "When a release or a covenant . . . is given in good faith to one of two or more persons liable in tort for the same injury . . . it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the

12

amount of the consideration paid for it, whichever is the greater[.]" § 768.31(5)(a), Fla. Stat. (2020).

A non-settling defendant must allege entitlement to setoff as an affirmative defense or the right is waived. See JoJo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So. 2d 503, 504 (Fla. 4th DCA 2003). And, the plain text of the setoff statutes clearly dictates that the non-settling defendant establish the right to setoff *at trial.* See § 46.015(2), Fla. Stat. (2020); §768.041(2), Fla. Stat. (2020). While such settlement information is not admissible to the jury, see § 46.15(3), Fla. Stat. (2020); § 768.041(3), Fla. Stat. (2020), it is most assuredly admissible to the trial court to establish the right to, and amount of, the setoff.

Indeed, in Addison Construction Corp. v. Vecellio, 240 So. 3d 757, 766 (Fla. 4th DCA 2018), the court carefully compared the text of the settlement agreements to claims alleged by the plaintiff in order to determine the scope of the setoff. Similarly, in Cornerstone SMR, Inc. v. Bank of America, N.A., 163 So. 3d 565, 569 (Fla. 4th DCA 2015) and Escadote I Corp. v. Ocean Three Limited Partnership, 211 So. 3d 1059, 1061 (Fla. 3d DCA 2016) the text of the release documents proved critical to determining whether the setoff defense was applicable.

Both the trial court and the majority leave open the door that the requested settlement records may be relevant at a later stage in the litigation,

13

presumably only if, and when, American Prime is found liable. But this conclusion ignores its practical implications. A non-settling defendant, such as American Prime, that is being sued for liquidated, purely economic, damages should know the extent of its potential liability sooner, rather than later. Knowledge of such potential liability dictates both settlement and litigation strategy. I fear the majority's resolution allows Wang, with the imprimatur of the court, to "hide the ball," putting American Prime in an unenviable position of defending this action from inception through a jury trial without ever knowing the extent of its potential liability. Because American Prime must plead entitlement to setoff as an affirmative defense and then establish this right "at trial," I cannot fathom how the harm caused by the trial court's discovery order preventing disclosure of Wang's settlement information is anything but "irreparable."

I view the requested settlement documents in this case – where Wang seeks to recover purely economic, finite, liquidated damages stemming from the theft of sales proceeds – as essential to American Prime's setoff defense. I, therefore, conclude that the trial court's discovery order eviscerates American Prime's setoff defense, resulting in irreparable harm to American Prime that is not remediable on plenary appeal. See Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009) ("[W]hen

14

the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim, defense, or counterclaim, relief by writ of certiorari is appropriate.") (footnote omitted).[3]

*B. No Departure from the Essential Requirements of Law*

Even though I view the trial court's discovery order as causing American Prime irreparable harm, the trial court's order does not depart from the essential requirements of law. In fact, the trial court cited to, and relied upon, precedent that was binding upon it. <u>See</u> <u>Citizens Prop. Ins. Corp. v. Sampedro</u>, 275 So. 3d 744, 746 (Fla. 3d DCA 2019) (citing <u>Pardo v. State</u>, 596 So. 2d 665, 666 (Fla. 1992) and recognizing that the decision from another Florida district court is "binding on the trial court in the absence of binding authority from this Court").

The discovery order (and, regrettably, the majority opinion) cites to <u>Allen</u>, a case in which our sister court granted certiorari relief, and quashed a discovery order that required the Allens (the plaintiffs) to disclose to State Farm (the non-settling defendant) the settlement amounts received from a

---

[3] To the extent a plaintiff has confidentiality concerns regarding requested settlement documents, obviously, the trial can take necessary steps to preserve any confidentiality associated with the settlement documents. <u>See</u> Fla. R. Civ. P. 1.280(c).

settling defendant for what appears to have been the same sinkhole damages claim that the Allens brought against State Farm. Allen, 198 So. 3d at 875. The Allen court concluded that, unless such settlement documents were relevant to the non-settling defendant's liability, discovery of the settlement documents was premature because such information would come into play for setoff purposes only after a determination that State Farm was liable. Id. at 873-74. Allen also makes short shrift of State Farm's argument that the information was needed to strategize settlement options: "[T]he purpose of discovery is to obtain admissible evidence or information reasonably calculated to lead to admissible evidence. Aiding State Farm with its potential settlement strategy and ability to negotiate a favorable settlement with the [plaintiffs] does not appear reasonably calculated to lead to admissible evidence." Id. at 874.

In light of Allen, American Prime faced an uphill battle in obtaining from the trial court an order compelling Wang to disclose the amounts Wang has received from the settling defendants. Indeed, the trial court was bound by Allen and did not depart from the essential requirements of law by following it.

*C. Critique of Allen and Strachan*

For the reasons stated above, I disagree with the <u>Allen</u> court's conclusion that settlement information is relevant only after there has been a determination of the non-settling defendant's liability. The plain text of the substantive setoff statutes – requiring the setoff defense be established "[a]t trial"[4] – makes the information plainly relevant; and it is certainly admissible, even if not to the jury. Further, a defendant being sued for purely economic, finite, liquidated damages is entitled to know the potential extent of that liability at the earliest opportunity possible, and the <u>Allen</u> court's dismissal of the practical consequences of its ruling is unfortunate.

What is most troubling about <u>Allen</u>, though, is its citation to, without appropriate qualification of, <u>Wal-Mart Stores, Inc. v. Strachan</u>, 82 So. 3d 1052 (Fla. 4th DCA 2011). <u>Id.</u> at 874-75. In <u>Strachan</u>, the plaintiffs sued for damages resulting from a car accident involving an alleged tire failure. <u>Strachan</u>, 82 So. 3d at 1053. The four defendants were the car manufacturer, the car dealer, the tire manufacturer, and Wal-Mart which sold the tire to the plaintiffs. <u>Id.</u> At mediation, the plaintiffs settled with all defendants except Wal-Mart. <u>Id.</u> Citing its entitlement to a setoff of the amounts paid by the settling defendants, Wal-Mart sought to compel the plaintiffs to disclose the settlement amounts they had been paid by the settling defendants. <u>Id.</u> After

---

[4] § 46.015(2), Fla. Stat. (2020); §768.041(2), Fla. Stat. (2020).

17

the trial court denied Wal-Mart's motion to compel, Wal-Mart sought certiorari relief from the district court. Our sister court dismissed Wal-Mart's petition, concluding that, even if the trial court had erred in denying Wal-Mart the sought discovery, Wal-Mart failed to demonstrate the requisite irreparable harm. Id. at 1054. But, despite dismissing Wal-Mart's petition, the Strachan court, nevertheless, discusses at length the trial court's rationale for denying the discovery (see below), and reaches the merits of Wal-Mart's petition, concluding: "Wal-Mart has not shown that the discovery order departed from the essential requirements of law." Id.

I find it troublesome that the Strachan court suggests (and seems to support the underlying trial court's express conclusion) that the Florida Legislature, through its adoption of pure apportionment of damages among joint tortfeasors in negligence actions, abolished *sub silencio* the statutory right to a setoff in negligence cases. Id. at 1054, n.1. The Legislature did no such thing.

While section 768.81(3) of the Florida Statutes abolishes the doctrine of joint and several liability and requires judgments to be entered against each defendant based on the defendant's percentage of fault (i.e., pure apportionment), the Legislature has never abolished any of the three substantive statutes that provide defendants with a right to a setoff. In fact,

18

the pure apportionment statute (section 768.81(3)) rests in Part II of Chapter 768, governing damages in negligence actions. Section 768.71(3) of the Florida Statutes, addressing the applicability of Part II of Chapter 768, provides that "[i]f a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply." Ergo, to the extent section 768.81(3) conflicts with the statutory provisions establishing the substantive right to a setoff (i.e., sections 46.015(2), 768.041(2), and 768.31(5)(a)), the right to such a setoff endures.

Because I find Strachan's suggestion that the Legislature abolished the right to setoff highly dubious, and because Allen cites Strachan as persuasive authority, any future reliance on either case by the lower courts to deny settlement discovery to a non-settling defendant being sued for purely economic, finite, liquidated damages is, in my estimation, misplaced.[5]

---

[5] Citing extensively to both Strachan and Allen, Wang's briefing below, and to us, argues that the settlement information sought by American Prime is not relevant because American Prime's right of setoff has been abolished by the Legislature's adoption of pure apportionment. The trial court's discovery order, though, does not seem to expressly adopt this rationale. While the majority opinion does cite to Allen (as authority for the proposition that trial courts are to apply the setoff after liability is found and prior to entering judgment), the majority does not reach this issue because of its conclusion that this Court lacks jurisdiction to review the merits of the discovery order. Majority Opinion at *9 (recognizing that "any error associated with the timing and sequencing of discovery is subject to plenary review").

*D. Certification of Conflict with <u>Allen</u> and <u>Strachan</u>*

I disagree with the conclusions in <u>Allen</u> and <u>Strachan</u> that a non-settling defendant, who is being sued for the same claim and same damages as the settling defendant, suffers no irreparable harm by a trial court's order prohibiting the non-settling defendant access to the settlement information. I would certify conflict with both <u>Allen</u> and <u>Strachan</u>.

## III.    CONCLUSION

Because the trial court's discovery order preventing American Prime access to the requested settlement documents results in irreparable harm, but did not depart from the essential requirements of law, I would deny, rather than dismiss, American Prime's petition. Because such a ruling would conflict with the certiorari opinions of our sister courts in <u>Strachan</u> and <u>Allen</u>, I would also certify conflict with both <u>Allen</u> and <u>Strachan</u>.